359 P.2d 1049

Ludean H. COX, Plaintiff and Appellant,

v.

Edward C. CARLISLE, Mayor of Manti City, Manti City, a municipal corporation, et al., Defendants and Respondents.

No. 9242.

Supreme Court of Utah.

March 2, 1961.

1. Title XII, C.L.Utah 1876.

Don V. Tibbs, Manti, for appellant.

Dilworth Woolley, Manti, Bryce E. Roe ·of Fabian & Clendenin, Salt Lake City, for .respondent.

HENRIOD, Justice.

Appeal from a judgment declaring Manti ·City the fee owner of a 66′ strip of land without restraint as to assertion of full title, ·or usage. Affirmed. No costs.

In 1871 plaintiff's predecessors obtained a Mayor's Deed to parcels 99 and 113 in Manti Townsite, after the Mayor had received acknowledgment of purchase but before he received the deed from the Bureau of Land Management on Sept. 2, 1872. Between these parcels a street was platted on an official County Surveyor's map that had been prepared prior to, but corresponding with a Townsite Entry that later vested title in the Mayor as stated above.[1] Thereafter and pursuant to statute, the grantees of the parcels petitioned the Probate Court for confirmation of title, which was accomplished. No claim was asserted at that time as to title to or occupancy of any part of the platted street.

No evidence of occupancy of the street by plaintiff and her predecessors, at the time of the deeds, the Townsite Entry or the petition for confirmation, is reflected in the record. Therefore, Hall v. North Ogden City,[2] upon which plaintiff so heavily leans, seems uncontrolling. The proof here commands but one point that we need canvass on appeal: is Manti City estopped to assert title in the strip platted as a street? We believe and hold that this question must be answered in the negative under the facts adduced.

In 1910, freeholders in the extreme north of Manti sought disconnection therefrom.

1. See Compiled Laws of Utah 1869, Sec. 1166 et seq., and 14 Stat. 541, 43 U.S. Code Annotated, § 718
2. 1926, 109 Utah 325, 175 P.2d 703.

This was accomplished in the District Court. Among them were the owners of parcels 99 and 113, who asserted no interest in the platted street. Since then and some time prior thereto, according to the believable evidence, but not in retrojection as to any priority or simultaneity with the deeds or the Townsite Entry, plaintiff and her predecessors made some irrigation improvements in connection with the area of the platted street and a much larger area contiguous on both sides thereof. The value of such improvements as to the strip was not shown to be certain and at best the testimony of plaintiff's husband as to such value was somewhat at sea.

Significant are these: 1) Neither plaintiff nor others ever paid any taxes on the property since or before 1871; 2) no one has challenged the ownership lineated by the recorded plat, till here; 3) Manti has claimed no taxes thereon; 4) the evidence conflicts somewhat as to whether the area was used as a roadway at the time of or for some time after the deeds, the Townsite Entry and the establishment of proof by claimants in the Probate Court, but there is ample, competent evidence that easily could lead the arbiter of facts reasonably to conclude that the strip so had been used; 5) that plaintiff, whose burden it was to show occupancy by her or her predecessors before and at the time of the Townsite Entry, showed none; 6) that the only affirmative documentary representation as to occupancy at that time, was the County Surveyor's map, which has persisted by recordation to date, reflecting the existence of a city street, and imparting notice to all, including plaintiff; and 7) that everyone concedes that the record fee title thereto has unbroken continuity to date in Manti City.

No evidence, except, perhaps a legitimate silence, points to any Manti representation intended to induce a reasonable person to claim title to the strip, upon which he acted to his detriment. Recordation of the plat and its persistence sans challenge, inertia on the part of plaintiff or anyone else to pay or offer to pay taxes on the area, and the use of the land by plaintiff and her predecessors for a long period of time would seem to have been more of a benefit, would not support the luxury of a claim of irreparable damage on termination of such use, but would support an inoculation of the city against any claim of estoppel.

WADE, C. J., and McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, J., concurs in the result.