Vaughn **JUDD** and Ora Nell Judd, his wife, Plaintiffs and Appellants,

v.

**KANAB CITY**, a body politic and corporate under the laws of the State of Utah, et al., Defendants and Respondents.

No. 18300.

Supreme Court of Utah.

Oct. 11, 1983.

*Woodmont, Inc. v. Daniels,* 290 F.2d 186 (10th Cir.1961).

H. Delbert Walker, Murray, for plaintiffs and appellants.

Kirk Heaton, Kanab, David Nuffer, St. George, for defendants and respondents.

PER CURIAM:

This case is concerned with the conflicting claims of the parties to land described within a platted and recorded document filed many years ago. Precisely, it has to do with ownership of one of the streets shown on the plat.

This case was tried to the court without a jury, and involves the Federal Townsite Act of 1867 (14 Stat. 541) as amended June 8, 1868 (15 Stat. 67), and the Territorial Townsite Act (C.L.Utah 1867) as now incorporated in U.C.A., 1953, § 57–7–1, *et seq.* Simply stated, the townsite legislation provides for acquisition of land from the federal government to form political subdivisions, or towns, in which the inhabitants can dwell. Upon recordation of the patent, etc., it authorizes the town or city "to dispose of and convey title to such land, or to the blocks, lots, parcels or shares to the persons entitled thereto." It requires that after the townsite entry is accomplished, anyone claiming ownership of any part thereof, within 6 months after such entry, of necessity would have to file his claim thereto. If proved, ownership would be established; otherwise, the claim would be forever barred.

The evidence showed the patent from President Rutherford B. Hayes in 1880, after one Judge Bringhurst had entered the townsite land with the General Land Office, and had made payment and performed other conditions precedent to issuance of patent. The patent was recorded in 1889. No issue was raised as to irregularity of procedure or substance. Kanab has been the record title owner of the property ever since.

■ There are two critical facts that resolve this case against the plaintiffs: 1) they, or their predecessors, did not file and prove any claim within the time frame necessary under the townsite legislation; and 2) they did not claim occupancy and use of the disputed land before the Townsite Act became effective. That legislation bars any claim here since the claim comes too late.

An identical situation was met in *Cox v. Carlisle,* 11 Utah 2d 372, 359 P.2d 1049 (1961), where the sole issue was a claim of occupation and use prior to the Townsite Act. We rejected such claim on the grounds the Act barred the claim unless it had been filed within the time frame prescribed in the Act. That case is dispositive as to the issue of record title, and is distinguishable from *Hall v. North Ogden City,* 109 Utah 325, 175 P.2d 703 (1946). In *Hall,* the plaintiffs had claimed occupation and use *before* the Act, and had filed their action at a time when the Townsite Act had not yet become finalized.

■ The plaintiffs' second assignment of error is that the Kanab City Council, by resolution, had abandoned the property and therefore was estopped to claim it. The record clearly evidences the fact that the resolution was sterile for lack of compliance with statutory and other imperatives necessary to accomplish an abandonment.

The judgment is affirmed with no award of costs on appeal.