**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Kenneth A. JOHNSON, Defendant and Appellant.**

Cr. Nos. 1092–1093.

Supreme Court of North Dakota.

Oct. 28, 1985.

A.F. Arnason, Asst. State's Atty., Grand Forks, for plaintiff and appellee.

Thomas B. Jelliff, Grand Forks, for defendant and appellant.

ERICKSTAD, Chief Justice.

Kenneth A. Johnson, the defendant, appeals from the judgment of the Grand Forks County Court, denying his motion for correction of sentence. We reverse and remand for resentencing.

In October of 1981 Johnson pleaded guilty to being in physical control [of a motor vehicle while under the influence of alcohol] in violation of § 39–08–01, N.D. C.C. Nothing in the record of the trial proceedings sheds any light on the circumstances surrounding this guilty plea. Johnson was convicted of a second violation of § 39–08–01, N.D.C.C., in March 1983. Johnson was represented by counsel during this second proceeding.

On October 15, 1984, Johnson, with counsel, pleaded guilty to the charges of driving under the influence of alcohol (DUI) and driving while license expired, both of which were class B misdemeanors only. The court accepted the guilty pleas and imposed the minimum mandatory penalty for a third offense of § 39–08–01.[1]

Johnson timely appealed to our Court. This appeal, however, was withdrawn and Johnson made a motion under Rule 35, N.D.R.Crim.P., for correction of sentence. Johnson argued that the court, when imposing the penalty for his October 15, 1984, conviction, should not have considered his October 1981 guilty plea and, accordingly, he should have been sentenced as a second offender and not as a third offender.[2] The

---

1. The minimum mandatory penalty for a third offense of Section 39–08–01 is dictated by Section 39–08–01(5)(c):

   "For a third offense within five years, the sentence must include at least sixty days' imprisonment, of which forty-eight hours must be served consecutively; a fine of one thousand dollars, and referral for addiction evaluation to an appropriate licensed addiction treatment program. If the addiction evalua-

tion indicates treatment is needed, the court shall notify the commissioner."

2. The penalty for a second violation of Section 39–08–01 is less severe than the penalty for a third violation. Section 39–08–01(5)(b), N.D. C.C., provides that a second violation of this section within five years must include at least four days' imprisonment, of which 48 hours must be served consecutively, or ten days' community service, and at least a $500 fine. A third

basis for this argument was that Johnson was not represented by counsel and was never advised of his right to counsel in connection with the October 1981 guilty plea. This was the first time he had so contended. He had not so argued at any time before or during the October 15, 1984, trial proceedings. Johnson filed an affidavit in support of his Rule 35 motion stating that he "was never advised of his right to counsel or the consequences of his plea of guilty to the charge of physical control." This affidavit accompanied the motion for correction of sentence and was dated February 20, 1985. Johnson relied heavily on *Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), in support of his argument.[3] On March 5, 1985, Johnson's motion for correction of sentence was denied.

On appeal, Johnson contends that his earlier guilty plea to actual physical control cannot be used to enhance the punishment for his subsequent conviction of DUI as there is no proof that he was advised of his right to counsel or of his right to waive his right to counsel before he pleaded guilty to the 1981 charge. Johnson argues that the trial court, in sentencing him as a third offender instead of a second offender, violated his rights guaranteed by the sixth and fourteenth amendments to the United States Constitution and Article I, Section 12, of the North Dakota Constitution.

We recently held that a DUI conviction cannot be used to enhance the penalty of a subsequent DUI conviction when there is no proof that the defendant waived his right to counsel before pleading guilty to the earlier DUI charge. *State v. Orr*, 375 N.W.2d 171 (N.D.1985). We hold that *Orr* is controlling in this case.

The judgment of the trial court is therefore reversed and the case is remanded for resentencing without considering the 1981

conviction of being in physical control of a motor vehicle while under the influence of alcohol.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

violation, as noted in footnote 1, *infra*, requires at least 60 days' imprisonment, of which 48 hours must be served consecutively and at least a $1,000 fine. Both a second and third violation require a referral for addiction evaluation.

**3.** See *State v. Orr*, 375 N.W.2d 171 (N.D.1985) (decided subsequent to the appeal of this case), for a complete explanation of our understanding of *Baldasar v. Illinois* and its inapplicability to the issue in *Orr* and accordingly in this case.