**CITY OF FARGO, Plaintiff and Appellee,**

v.

**Terryl CHRISTIANSEN, Defendant and Appellant.**

**Crim. No. 870368.**

Supreme Court of North Dakota.

Oct. 18, 1988.

Erik R. Johnson, Asst. City Atty., Fargo, for plaintiff and appellee.

Mark A. Beauchene, of Schuster, Brothers & Beauchene, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

Terryl Christiansen appealed from a judgment of conviction sentencing him for driving under the influence, second offense, in violation of a City of Fargo ordinance. We affirm.

On June 12, 1987, Christiansen was found guilty in municipal court of driving under the influence in violation of Fargo City Ordinance 8–0310B. The court sentenced him to 30 days in jail, with 26 days suspended, and a $500 fine. Christiansen appealed his conviction to the Cass County court of increased jurisdiction pursuant to Section 40–18–19, N.D.C.C.

An amended complaint was filed in county court alleging that Christiansen had been convicted of DUI in the past five years in violation of "§ 39–08–01,[1] NDCC,

---

1. Section 39–08–01(4), N.D.C.C., provides that if     a person is convicted of violating Section 39–08–

Fargo City Ordinance 8–0310, or other equivalent city ordinance, or state statute during the five years previous to this offense." Christiansen, relying upon *State v. Orr*, 375 N.W.2d 171 (N.D.1985), filed a motion in limine seeking to disallow use of his prior DUI conviction for augmentation of sentence because the record is insufficient to indicate a valid waiver of counsel at the time of the prior conviction.

At the hearing on the motion, Christiansen argued that the procedure used by the municipal court in handling DUI cases was

01 or an equivalent ordinance for a second time within five years, the sentence must include "at least four days' imprisonment of which forty-eight hours must be served consecutively, or ten days' community service; a fine of at least five hundred dollars; and an order for addiction evaluation by an appropriate licensed addiction treatment program."

**2.** The waiver form used by the Fargo municipal court reads:

"As a defendant who has been charged with a criminal offense, you have the following statutory and constitutional rights:

"1. You have the right to have a true and correct copy of a criminal complaint provided to you and the right to have the same read and explained to you before entering a plea to the complaint.

"2. You have the right to be informed of the maximum and minimum possible punishment that may be imposed upon you by the court if you are convicted of or plead guilty to the offense with which you are charged.

"3. You have a privilege against self-incrimination, which means that you have the right to remain silent, and you are advised that any statement made by you may be used against you in a criminal prosecution; at trial, you have the right to testify or not testify as you alone may choose.

"4. You have the right to the assistance of an attorney at each and every stage of these proceedings, and you have the right to the assistance of an attorney before making any statements or answering any questions.

"5. To the extent that you are unable to pay for an attorney without undue financial hardship to yourself or your dependants, you have the right to have legal services provided to you at public expense. You are further advised that should you be furnished legal services at public expense, you may be required to reimburse the City of Fargo for the cost of such legal services.

"6. You have the right to be admitted to bail and to be released from custody pending trial upon such conditions as will reasonably assure your appearance at all subsequent court proceedings.

not sufficient to overcome the City's burden to show that the defendant waived his right to counsel. Although no evidence was introduced as to the exact procedure used by the court that convicted Christiansen in 1985, the parties stipulated as to the procedure generally used in the Fargo municipal court:

"MR. JOHNSON [for the City]: Okay. Typically the—a defendant is called before a municipal judge and in this particular case I believe it was Judge Davies who signed that waiver form.[2] And he

"7. You have the right to enter a plea to the complaint either of not guilty or of guilty and to persist in a plea of not guilty.

"8. If you enter a plea of not guilty, you have the right to trial before this court, sitting without a jury, upon the alleged offense. At trial, you are presumed innocent of the charge and can be convicted only if the city proves beyond a reasonable doubt that you have committed each and every element of the offense charged.

"9. If you plead not guilty, you have the right to be confronted in open court with all of the witnesses against you and the right to cross-examine each witness in court.

"10. You have the right to present witnesses at trial to testify on your behalf.

"11. You have the right to compulsory court process (subpoena) so that you may compel witnesses to appear at trial or other court proceedings on your behalf in your defense of the charge.

"12. If you are found guilty after trial, you have the right to appeal your case to the county court. The appeal must be made within ten days after sentence is imposed in this court by filing a notice of appeal with the clerk of this court. An appeal must be made in strict compliance with the North Dakota Rules of Criminal Procedure.

"13. If you plead guilty to the charge, you are informed that there will be no further trial of any kind, and you will give up your rights to trial and to confront the witnesses against you, as well as your privilege against self-incrimination.

"THE UNDERSIGNED HEREBY ACKNOWLEDGES THAT HE/SHE IS THE DEFENDANT IN THE ABOVE–ENTITLED CRIMINAL ACTION AND THAT HE/SHE HAS PERSONALLY READ THE FOREGOING NOTIFICATION OF THE RIGHTS AND HAS BEEN ORALLY INFORMED OF THE RIGHTS BY THE COURT. THE DEFENDANT ACKNOWLEDGES THAT HE/SHE DOES UNDERSTAND EACH OF THE RIGHTS NOTED [ABOVE].

[Spaces for date and defendant's signature]

\*    \*    \*    \*    \*    \*

—the charge is read to the defendant and he is asked whether he—typically the judge asks whether he waives his right to an attorney or whether he wishes to speak to an attorney. At the same time the judge usually asks if the defendant has completed this waiver form that we are submitting to the Court at this time.

"THE COURT: Excuse me. When does the defendant get the form?

"MR. JOHNSON: Usually when the defendant checks in—gives the clerk of court his name, he's given this form to fill—complete, and he is allowed the time, I guess, from the time he checks in until his name is called to read the—read the form, the rights that are indicated in somewhat detail on the form and then fill in the blanks as he sees fit.

"At the time he appears in front of the judge then, the judge says did you bring a form with you, and the defendant says here it is, and he says do you wish to waive your right to an attorney, or do you want to talk to an attorney. And then the defendant replies appropriately. If the defendant decides that he does not want to speak with an attorney, the judge then asks him well, how he wants to plea[d]. The defendant pleads guilty, let's say, and the judge then I believe signs his name to the form indicating that he accepted a plea of guilty.

"THE COURT: And is that prior to—?

"MR. JOHNSON: If I could refresh my memory, I could look at the form to see that.

"THE COURT: Is that prior to the defendant having filled out and signed the form?

"MR. JOHNSON: Your Honor, I guess it depends on the defendant, particularly the defendant. If the defendant completed the form and signed his name,

"THE FOREGOING DEFENDANT PERSONALLY APPEARED BEFORE THIS COURT AT WHICH TIME THE NOTIFICATION OF RIGHTS WAS EXPLAINED TO THE DEFENDANT.

[Spaces for date and judge's signature]

\* \* \* \* \* \*

"GUILTY PLEA:

"I hereby enter a plea of 'guilty', give up the right to a trial in the matter, and give up those

then he would have signed his name and dated it prior to actually standing before the judge and pleading guilty. But in many cases the defendant hasn't signed his name to anything and the defendant, after the guilty plea is given, and the sentence given, the defendant steps to the judge's right and speaks with the clerk and I presume that the clerk makes sure that his signature is on the document. If the Court wanted to make a presumption in this case in favor of the defendant, I don't think the City could really argue against it, and that presumption being that the document was actually signed some moments after the actual guilty plea and sentence was given."

Article I, Section 12, of the North Dakota Constitution provides, in part, that "[i]n criminal prosecutions in any court whatever, the party accused shall have the right to ... defend in person and with counsel." Thus an accused has the right to counsel absent a knowing and intelligent waiver of that right. *State v. Gustafson*, 278 N.W. 2d 358 (N.D.1979). See also *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). As we stated in *Orr, supra*, 375 N.W.2d at 179, "municipal courts (and all others) must obtain a valid waiver of counsel on the record or afford a nonindigent defendant the opportunity to retain counsel, or appoint counsel for an indigent DUI defendant regardless of the penalty to be imposed, if enhancement of punishment for a subsequent conviction is not to be precluded." [Footnotes omitted.] The prosecution has the burden of showing the defendant validly waived counsel in a prior uncounseled conviction. *Id.*

■ At trial, the City introduced the Notification of Rights and Acknowledgment various rights and privileges that attach to a trial. I furthermore notify the court that either ( ) I do not wish to consult with an attorney in this matter or ( ) I have consulted with an attorney whose name is

[Spaces for date and defendant's signature]

· · · · · ·

form signed by Mr. Christiansen when he was convicted of DUI in 1985. The form specified the numerous rights of a criminal defendant, such as the privilege against self-incrimination, the right to trial by jury, the right to confront witnesses, and the right to the assistance of counsel. Moreover, the form indicated that "[i]f you plead guilty to the charge, you are informed that there will be no further trial of any kind, and you will give up your rights to trial and to confront the witnesses against you, as well as your privilege against self-incrimination."

Municipal courts are not courts of record. Section 27–01–01, N.D.C.C. This does not mean, however, that all municipal court judgments have no effect on future proceedings. See, e.g., Sections 40–18–01 and 40–18–14, N.D.C.C.; *City of Riverside v. Helenske,* 413 N.W.2d 363 (N.D.1987). In reviewing the procedures used in municipal courts for recording their actions, we are mindful of the typical environment of municipal courts. And, as we are able to determine from the record that the court acted in accordance with the defendant's constitutional rights and privileges, and substantially complied with the procedures adopted to protect those rights and privileges, the record should be deemed adequate and the process chosen by the court should be given considerable weight. See *Koenig v. State,* 99 Nev. 780, 789, 672 P.2d 37, 43 (1983) ["In evaluating the procedures used and the court record made in municipal and justice court prosecutions for misdemeanors, the realities of the typical environment of such prosecutions in these courts of limited jurisdiction cannot be ignored. So long as the court records from such courts reflect that the spirit of the constitutional principles is respected, the convenience of the parties and the court should be given considerable weight, and the court record should be deemed constitutionally adequate"].

■ The procedure used by the Fargo municipal court in this case substantially complied with Rule 11 of the North Dakota Rules of Criminal Procedure.[3] As we stated in *State v. Storbakken,* 246 N.W.2d 78, 84 (N.D.1976), "While inquiry must be fully developed on the record, it need not assume any predetermined, ritualistic form to conform with Rule 11, but rather the ' * * * [proper scope of the examination] of the defendant will in each case depend upon the complexity of the charge as well as all of the surrounding circumstances * * *', *Sappington v. United States,* 468 F.2d 1378, 1380 (8th Cir.1972), *cert. denied,* 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed.2d 693 (1973); . . ."

The record reflects that Christiansen was given a list of rights. Those rights were also orally explained to him. The judge need not explain every single right to every single defendant appearing before the bench. To adopt the defendant's position would "transform an enunciation of general standards to an ever-lengthening list of specifics, the omission of any one of which will render the entire proceedings 'an exercise in futility.' " *Sappington, supra,* 468 F.2d at 1379.

In *Orr, supra,* 375 N.W.2d at 179–180, the court concluded that "the State, in seeking to imprison Orr as a second offender based on his earlier presumptively void uncounseled conviction, had the burden to overcome this presumption once Orr raised the issue in a pretrial proceeding by resisting the motion to amend. To meet its burden the State could rely on parol or other evidence that Orr waived his right to counsel." [Footnotes omitted.] The City has met its burden and, if the record does not correctly reflect what actually transpired at the time of the first conviction, it is now Christiansen's burden to produce such evidence. He has not done so. See *State v. Abrahamson,* 328 N.W.2d 213 (N.D.1982). Thus our holding today does not create an irrebuttable presumption of validity in favor of the prosecution once some sort of a record is admitted into evidence; rather, by the introduction of a con-

---

**3.** Although municipal courts are not courts of record, they nevertheless appear subject to the requirements of Rule 11(f), N.D.R.Crim.P. See Rule 1, N.D.R.Crim.P., and *State v. Orr,* 375 N.W.2d 171, 181 (N.D.1985) [VandeWalle, J., concurring specially].

stitutionally adequate record in substantial compliance with Rule 11, N.D.R.Crim.P., the City has met its burden of overcoming a presumptively invalid conviction for enhancement purposes.

We conclude that the municipal court did make a sufficient record showing that Christiansen's constitutional rights were respected and that his waiver of counsel was valid. Thus there was no violation in admitting evidence of his prior DUI conviction. The judgment is affirmed.

ERICKSTAD, C.J., and GIERKE and MESCHKE, JJ., concur.

LEVINE, Justice, concurring specially.

I concur and write specially to dissociate myself from the case cited by the majority, *Koenig v. State*, 99 Nev. 780, 672 P.2d 37, 43 (Nev.1983), with its notion that respect for the spirit of the the Constitution is all that is required in municipal court. The Constitution demands more than respect. It requires compliance.

I believe there was full compliance in this case. The State bears the burden to show a valid waiver. *State v. Orr*, 375 N.W.2d 171 (N.D.1985). A silent record won't do it. *Id.* But, by introducing a written form, signed by the defendant and certified by the judge, that the defendant was informed of his right to counsel and his other constitutional rights and that he gave them up by pleading guilty, the burden of going forward shifted to the defendant to refute the validity of his waiver. The defendant did not testify and did not otherwise overcome the State's proof of waiver. Therefore, in my view, the record is sufficient and there is no need to excuse or justify the state of that record by resorting to the doctrine of substantial compliance.