1999 ND 46

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Nevada Joe BERGER, Defendant and Appellant.**

No. 980302.

Supreme Court of North Dakota.

March 18, 1999.

885

Brett M. Shasky, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Robin L. Olson (argued), Olson Law Office, Grand Forks, ND and Brian W. Nelson (on brief), Nelson Law Office, Fargo, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Nevada Joe Berger appealed from an order denying a motion to suppress his 1994 and 1996 convictions for being in actual physical control of a motor vehicle while under the influence of intoxicating liquor (APC). Berger argues his prior APC convictions should not be used to enhance his sentence for a 1998 conviction for driving under the influence of an intoxicating liquor (DUI). We affirm.

## I.

[¶ 2] On April 9, 1998, Berger was charged with DUI, a class A misdemeanor. The information alleged it was Berger's third violation of N.D.C.C. § 39–08–01 in a five-year period. Berger pled guilty to APC on July 1, 1994, in Williams County and again on October 22, 1996, in Morton County. Berger filed a motion to suppress those APC convictions to prevent sentence enhancement as a third-time offender under N.D.C.C. § 39–08–01. The trial court denied the motion to suppress, and on August 31, 1998, Berger entered a conditional guilty plea under N.D.R.Crim.P. 11(a)(2).

## II.

[¶ 3] Our standard of review of a trial court's denial of a motion to suppress is set out in *State v. Garrett*, 1998 ND 173, ¶ 11, 584 N.W.2d 502 (citations omitted):

> The trial court's disposition of a motion to suppress will not be reversed if, after conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the trial court's findings, and the decision is not contrary to the manifest weight of the evidence.

[¶ 4] Berger argues there is insufficient evidence in the record to prove his 1994 and 1996 APC guilty pleas complied with N.D.R.Crim.P. 11.[1] Berger failed to submit evidence from the APC proceedings to support his motion to suppress. The 1994 plea agreement, plea, and order and the 1996 criminal judgment were introduced by the State in opposition to the motion. Berger argues, however, it is the State's further affirmative burden to demonstrate the prior pleas were voluntary under Rule 11(c) and rested upon a factual basis under Rule 11(e) and contends the State has not met its burden of proof. We disagree.

[¶ 5] In *State v. Orr*, 375 N.W.2d 171, 178–79 (N.D.1985), we held absent evidence of a valid waiver of a defendant's right to counsel in a prior proceeding, an earlier conviction cannot be used to enhance a sentence for a subsequent offense. Our decision in *Orr*, at 178, was based on the belief uncounseled convictions are inherently unreliable and should be viewed with skepticism. The constitutional right to counsel is "fundamental because it enables an accused to procure a fair trial." *Id.* at 177–78. "[C]ounsel will, if not guarantee, then at least facilitate the optimum outcome for a defendant in a given case." *Id.* at 178. In *Orr*, at 179, we ruled a "silent record is insufficient to overcome the presumption that the prior uncounseled conviction was void for enhancement purposes."

[¶ 6] In *State v. Pitman*, 427 N.W.2d 337, 343 (N.D.1988), Pitman argued his 1985 Kansas DUI conviction should not be used to

---

1. Under N.D.R.Crim.P. 11(e), a trial court "should not enter a judgment or dispositional order upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Rule 11(c) of the North Dakota Rules of Criminal Procedure requires the trial court ascertain whether a defendant's plea is voluntary:

   > The court shall not accept a plea of guilty without first, by addressing the defendant personally [except as provided in Rule 43(c)] in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty results

   from previous discussion between the prosecuting attorney and the defendant or the defendant's attorney.

   In this case, Berger waived his right to be present for the plea and the imposition of sentence in the APC proceedings under N.D.R.Crim.P. 43(c)(2). A defendant does not need to be present in open court under Rule 43(c)(2):

   > when the offense is punishable by fine or by imprisonment for not more than one year or both, and the court, with the written consent of the defendant, permits arraignment, plea, trial, and imposition of sentence in the defendant's absence[.]

enhance his sentence because there was an insufficient record to prove he was advised of his constitutional rights before waiving them. This court concluded "[w]e believe that when, as here, the record clearly establishes that the defendant was represented by counsel when he waived his right to trial, the defendant must do more than simply request that the State prove that the defendant validly waived a trial." *Id.* We further explained in *Pitman,* at 343 n. 5:

> Pitman does not assert that he was not informed of his rights. His "position is, essentially, that the record is insufficient in this case; that Rule 11 requires much more than a mere representation by counsel."

One objective of Rule 11, N.D.R.Crim.P., is to assure that a defendant who pleads guilty makes an informed plea. *See Explanatory Note,* Rule 11, N.D.R.Crim.P. Rule 11(f) requires the proceedings to be recorded to assist appellate review of the question of whether or not the defendant made an informed decision. Pitman's 1985 Kansas judgment of conviction and his decision to plead guilty are not before this Court for review however. His 1985 judgment of conviction is relevant for the limited purpose of sentencing. Thus, Rule 11, N.D.R.Crim.P., which does not address the use of prior convictions to enhance punishment, is not directly involved.

[¶ 7] Similarly, in *State v. Haverluk,* 432 N.W.2d 871, 873 (N.D.1988), Haverluk argued the trial court erred in considering his prior DUI convictions for sentence enhancement in his fourth DUI proceeding. Haverluk contended there was insufficient evidence in the record to prove he was represented by counsel or waived his right to counsel in his prior DUI convictions. *Id.* The record, however, contained certified judgments from his three prior DUI convictions indicating Haverluk had the benefit of counsel. *Id.* at 875. We emphasized:

> While the State has the burden of proof regarding representation of counsel in the prior convictions, we believe that after the State provided evidence of representation Haverluk had the burden of going forward with evidence but failed to do so. *See City*

*of Fargo v. Christiansen,* 430 N.W.2d 327 (N.D.1988).

*Id.*

[¶ 8] The evidence introduced by the State in this proceeding affirmatively demonstrates Berger was represented when he entered his pleas in 1994 and 1996. On June 29, 1994, Berger signed a plea agreement, plea, and order establishing his plea of guilty to "the offense of being in actual physical control of a motor vehicle while under the influence of alcohol on March 27, 1994, in Williams County, North Dakota." On July 1, 1994, the Williams County trial court ordered acceptance of the plea agreement finding Berger, his attorney, and the State "engaged in plea discussions and negotiations and ... reached an agreement that is consistent with the facts, the law, and the ends of justice."

[¶ 9] On October 22, 1996, the Morton County trial court found Berger, his attorney, and the municipal prosecutor entered a plea agreement and requested the court "review the agreement and if acceptable ... enter judgment without requiring the presence of the parties." The court entered a criminal judgment finding Berger entered "a plea of guilty to the offense of *Actual Physical Control.*" The trial court accepted the terms of the plea agreement after "having reviewed the entire written record submitted by the parties and having determined that said plea was knowing and voluntary and that a factual basis existed for said plea."

[¶ 10] Once the reliability of the prior convictions is established by a showing the defendant had counsel, the burden shifts to the defendant to affirmatively show the convictions were deficient under Rule 11. Berger has failed to meet this burden. We therefore conclude the court's decision to deny the motion to suppress was not contrary to the manifest weight of the evidence.

### III.

[¶ 11] Berger argues N.D.R.Crim.P. 11 was violated because there was insufficient evidence in the record to prove he was informed, prior to entering his APC guilty pleas in 1994 and 1996, a guilty plea may be used to enhance a future sentence under

N.D.C.C. § 39–08–01. We conclude N.D.R.Crim.P. 11 does not require Berger to be so advised.

[¶ 12] This court has discussed the purpose of Rule 11. *Houle v. State*, 482 N.W.2d 24, 29 (N.D.1992). Houle argued the trial court violated Rule 11 by failing to inform him a period of parole ineligibility was a consequence of his plea. *Id.* In *Houle*, at 30, we explained "before a plea can intelligently and voluntarily be offered, the defendant must be informed of all 'direct consequences' of his plea, but need not be advised of 'collateral consequences.'" *See also State v. Dalman*, 520 N.W.2d 860, 863 (N.D.1994).

■ [¶ 13] Rule 11(b) requires the trial court to inform the defendant of the "mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered." *See also Dalman*, at 862–63. Under N.D.C.C. § 39–08–01(4) the direct consequences of guilty plea for a first DUI or APC offense include "a fine of at least two hundred fifty dollars and an order for addiction evaluation...." A second offender within five years must be sentenced to "at least four days' imprisonment of which forty-eight hours must be served consecutively, or ten days' community service[,] a fine of at least five hundred dollars," and an addiction evaluation. *Id.* However, if a defendant is convicted of APC a fine or sentence may be suspended under N.D.C.C. § 39–08–01(4)(e)(1).

■ [¶ 14] The possibility of future sentence enhancement because of subsequent offenses is not a direct and inevitable consequence of a guilty plea. N.D.C.C. § 39–08–01(4); *see also Presley v. State*, 498 So.2d 832, 833 (Miss.1986). A defendant does not need to be advised under N.D.R.Crim.P. 11 of every potential fact that may become relevant in future criminal proceedings. Further, advising a defendant of future sentence enhancement possibilities presumes a defendant will become a repeat offender. Rule 11 does not mandate such pessimism.

### IV.

■ [¶ 15] Berger asserts his APC convictions cannot be used to enhance his DUI conviction. Berger argues this issue for the first time on appeal. It is well established issues not properly presented to the trial court cannot be raised for the first time on appeal. *Murchison v. State*, 1998 ND 96, ¶ 15, 578 N.W.2d 514. We therefore decline to address the issue.

### V.

[¶ 16] We conclude the trial court's denial of the suppression motion is supported by competent evidence and is not contrary to the manifest weight of the evidence. We affirm the judgment of the trial court.

[¶ 17] VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.

