Filed 1/17/08 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2008 ND 11

Ryan Koble, Plaintiff and Appellee

v.

Jamie Koble, Defendant and Appellant

No. 20070198

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Robert O. Wefald, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Anne E. Summers (argued), Dyer & Summers, P.C., P.O. Box 2261, Bismarck, N.D. 58502-2261, for plaintiff and appellee.

Loren Cay McCray (argued), P.O. Box 2732, Bismarck, N.D. 58502-2732, for defendant and appellant.

Koble v. Koble

No. 20070198

Kapsner, Justice.

[¶1] Jamie Koble appeals from a district court divorce judgment awarding custody of the parties’ two minor children to Ryan Koble.  We affirm, concluding the district court’s findings of fact on child custody are not clearly erroneous.

I

[¶2] Jamie and Ryan Koble were married in 2001, and the parties’ relationship was at times tumultuous.  Shortly after the marriage, the parties engaged in a physical altercation and Jamie Koble was arrested for assault.  Ryan Koble also admitted he had an affair with a 16-year-old girl during the early stages of the marriage.  The parties separated for nine months, during which time their first child was born.  The parties ultimately reconciled, and a second child was born in 2003. 

[¶3] Conflicting evidence was presented regarding the parties’ relative child-care and housekeeping skills.  Ryan Koble claimed that Jamie Koble did not keep their house clean, that dishes and clothes were scattered around the house, and that he would regularly spend more than an hour cleaning house after returning home from his night-shift job at a manufacturing plant.  Ryan Koble also claimed Jamie Koble provided inadequate care for the children, resulting in injuries to the children.  Jamie Koble countered by claiming that the children had also suffered injuries while in Ryan Koble’s care.  

[¶4] In May 2006, Ryan Koble filed a summons and complaint for divorce and obtained an ex parte interim order granting him custody of the parties’ children.  Following a hearing, the district court continued interim custody of the children with Ryan Koble.  After a trial in April 2007, the district court found that the best interests of the children would be served by awarding custody to Ryan Koble.  Jamie Koble received extensive visitation.  

II

[¶5] Jamie Koble appeals from the judgment awarding custody to Ryan Koble, alleging the district court’s findings of fact on child custody are clearly erroneous.

[¶6] We outlined our standard of review of child custody decisions in 
Jelsing v. Peterson
, 2007 ND 41, ¶ 11, 729 N.W.2d 157 (citations omitted):

We exercise a limited review of child custody awards.  A district court’s decisions on child custody, including an initial award of custody, are treated as findings of fact and will not be set aside on appeal unless clearly erroneous.  A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made.  Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court’s initial custody decision merely because we might have reached a different result.  A choice between two permissible views of the weight of the evidence is not clearly erroneous, and our deferential review is especially applicable for a difficult child custody decision involving two fit parents.

As we summarized in 
L.C.V. v. D.E.G.
, 2005 ND 180, ¶ 9, 705 N.W.2d 257, “[t]he district court’s choice for custody between two fit parents is a difficult one, and this Court will not retry the case or substitute its judgment for that of the district court when its determination is supported by the evidence.”  The complaining party bears the burden of demonstrating on appeal that a finding of fact is clearly erroneous.  
Id.
 at ¶ 3.

III

[¶7] In making an initial custody determination, the district court must apply the factors listed in N.D.C.C. § 14-09-06.2(1) and award custody of the child to the person who will better promote the best interests and welfare of the child.  N.D.C.C. § 14-09-06.1; 
Klein v. Larson
, 2006 ND 236, ¶ 7, 724 N.W.2d 565; 
L.C.V.
, 2005 ND 180, ¶ 3, 705 N.W.2d 257; 
Shaw v. Shaw
, 2002 ND 114, ¶ 5, 646 N.W.2d 693.  The district court in this case appropriately considered the factors under N.D.C.C. § 14-09-06.2(1) and made a separate finding of fact on each one.  The court found that factor c (disposition of the parent to provide food, clothing, and medical care), factor d (stable environment and continuity), factor e (permanence of custodial home), and factor m (other relevant factors) favored Ryan Koble; factor f (moral fitness) favored Jamie Koble; and the remaining factors favored neither party.

[¶8] Jamie Koble, as the complaining party, has failed to demonstrate on appeal that any of the court’s findings of fact on child custody are clearly erroneous.  The district court was presented with two fit, but imperfect, parents, and performed the difficult task of assessing the evidence and the credibility of the witnesses to make the “close calls” while applying the factors enumerated in N.D.C.C. § 14-09-06.2(1).  There is evidence in the record to support the district court’s findings of fact, including its ultimate finding that the best interests of the children would be better served by awarding custody to Ryan Koble.

IV

[¶9] We conclude the district court’s findings of fact on child custody are not clearly erroneous, and we affirm the judgment awarding custody of the children to Ryan Koble.

[¶10] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.