Filed 1/17/08 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2008 ND 3

State of North Dakota, Plaintiff and Appellee

v.

Gregory Emery, Defendant and Appellant

No. 20070147

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable David E. Reich, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Christopher J. Nyhus, Assistant State’s Attorney, 210 2nd Ave. NW, Mandan, ND 58554, for plaintiff and appellee.

Danny L. Herbel, The Regency Business Center, 3333 E. Broadway Ave., Ste. 1205, Bismarck, ND 58501, for defendant and appellant.

State v. Emery

No. 20070147

VandeWalle, Chief Justice.

[¶1] Gregory Emery appealed from a motion to correct his sentence after a jury found him guilty of driving under the influence (“DUI”).  We reverse the district court order denying Emery’s motion to correct his sentence and remand for resentencing in accordance with this opinion.

I.

[¶2] In April 2007, Emery was found guilty in a jury trial of DUI.  During sentencing, the State told the district court it took into account a prior DUI within the five-year look-back period in formulating a sentence recommendation.  In discussing the prior DUI, the State referred to Emery’s driving abstract from the Department of Transportation, but did not offer the abstract into evidence.  When questioned by the district court on whether he had pled guilty or was convicted of a DUI within the past five years, Emery nodded his head.  Emery was sentenced to thirty days in jail with twenty-five days suspended, $1000 in fines with $500 suspended and two years of supervised probation.  He was also ordered to surrender his license plates.  The order issued by the district court listed the DUI as Emery’s second offense within five years.

[¶3] Emery filed a motion to correct his sentence, arguing his sentence was illegally enhanced by his prior DUI without proper evidence to support enhancement.  The district court denied Emery’s motion, stating the offense was not enhanced and was within the maximum sentence limits for a first offense DUI, a class B misdemeanor.  On appeal, Emery argues his sentence was enhanced and the enhancement was improper because there was no evidence he waived his right to counsel in the prior DUI proceeding.

II.  First Offense or Second Offense Sentence?

[¶4] A district court is allowed the widest range of discretion in sentencing a convicted defendant.  
State v. Skarsgard
, 2007 ND 160, ¶ 25, 739 N.W.2d 786 (citation omitted).  Appellate review of the sentence itself focuses only on whether the district court acted within the limits prescribed by statute, or substantially relied on an impermissible factor. 
Id.
 (quoting 
State v. Wardner
, 2006 ND 256, ¶ 27, 725 N.W.2d 215).  A sentence, as any other judgment, is construed in its entirety according to the usual rules of construction so as to give effect to the intent of the sentencing court.  
Davidson v. Nygaard
, 78 ND 141, 150, 48 N.W.2d 578, 583 (1951).  “If two constructions of a judgment are possible that one which maintains the jurisdiction of the court and gives effect to the intent of the judge who imposed it must be preferred.”  
Id.
 at 141, 48 N.W.2d at 579 Syllabus ¶ 5.

[¶5] The maximum penalty for a class B misdemeanor is thirty days’ imprisonment, a fine of one thousand dollars, or both.  N.D.C.C. § 12.1-32-01(6).  Here, the length of imprisonment is within the parameters of a first offense DUI, but confusion arises because the district court’s order listed the DUI as Emery’s second offense within five years.  Significantly, Emery was ordered to surrender his license plates.  The previous version of N.D.C.C. § 39-08-01 authorized a district court to order the surrender of license plates for a first offense DUI, but the current version in effect in this case requires a license plate surrender for a second or subsequent DUI offense.  There is no authority for the district court to order Emery to surrender his license plates for a first offense except under N.D.C.C. § 39-06-42, an inapplicable statute dealing with driving under suspension.  Further, no amended order was issued explaining the labeling of the offense as Emery’s second DUI within five years.  The confusion regarding Emery’s sentence leads this Court to conclude Emery’s sentence was enhanced to reflect a second DUI offense within five years because there is no authority for a judge to require surrender of license plates for a first offense DUI.

III.  Waiver

[¶6] A DUI conviction cannot be used to enhance the penalty of a subsequent DUI conviction when there is no proof that the defendant waived his right to counsel before pleading guilty to the earlier DUI charge.  
State v. Johnson
, 376 N.W.2d 15, 16 (N.D. 1985).  
See also
 
State v. Orr
, 375 N.W.2d 171, 178-79 (N.D.1985).  A prior uncounseled conviction without waiver of counsel is an impermissible factor which may not be substantially relied on by a trial judge in sentencing a defendant.  
State v. Cummings
, 386 N.W.2d 468, 469 (N.D. 1986).  A trial court errs in presuming a defendant validly waived the right to counsel when the record does not affirmatively indicate such a waiver.  
Orr
, at 174.  Once the reliability of the prior convictions is established by showing the defendant had counsel, the burden shifts to the defendant to affirmatively show the convictions were deficient under N.D.R.Crim.P. 11.  
State v. Berger
, 1999 ND 46, ¶ 10, 590 N.W.2d 884.  This Court has held a record with certified judgments from three prior DUI convictions indicating the defendant had the benefit of counsel was sufficient to shift the burden to the defendant to show otherwise.  
State v. Haverluk
, 432 N.W.2d 871, 875 (N.D. 1988).

[¶7] At sentencing, the State referred to Emery’s certified driving abstract from the Department of Transportation but apparently did not offer the abstract into evidence and the record does not contain a copy of the abstract.  There was no reference to counsel or waiver of the right to counsel by Emery in the prior DUI proceeding.  The district court asked Emery if he had pled guilty or was found guilty of a prior DUI within five years and Emery nodded his head.  However, the district court did not ask whether Emery was represented by counsel or whether he waived his right to counsel in the prior DUI proceeding.  At the hearing on Emery’s motion to correct his sentence, the State again refers to Emery’s driving abstract to recite conviction dates, but did not indicate the abstract showed Emery was represented or had waived his right to counsel in the proceeding.

[¶8] The record before us does not contain evidence of a prior counseled conviction within five years nor of a waiver of counsel by Emery in the prior DUI proceeding.  Therefore, Emery’s sentence could not be enhanced to a second DUI offense within five years.  Emery requests we reverse his sentence and remand this matter to the district court with instructions that he be sentenced without regard to the prior DUI conviction and be sentenced as other first offenders in Morton County, North Dakota.  Emery argues a standard sentence for a first DUI offense in Morton County does not include jail time nor does it include supervised probation.  There is no evidence of the standard sentence in the record before us other than Emery’s contentions.  Furthermore, a sentencing judge has discretion in sentencing when acting within the limits prescribed by law, 
State v. Skarsgard
, 2007 ND 160, ¶ 25, 739 N.W.2d 786, and we will not require a judge to impose any specific sentence.  The district court should sentence Emery as a first-time DUI offender in accordance with N.D.C.C. § 39-08-01 within the parameters of N.D.C.C. § 12.1-32-01(6).

IV.

[¶9] We reverse the district court order denying Emery’s motion to correct his sentence and remand for resentencing in accordance with this opinion.

[¶10] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

I concur in the result.

Dale V. Sandstrom