2015 ND 40

**STATE of North Dakota, Plaintiff and Appellee**

**v.**

**Jesse ECKROTH, Defendant and Appellant.**

**No. 20140136.**

Supreme Court of North Dakota.

Feb. 12, 2015.

Justin J. Schwarz, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee.

Danny L. Herbel, The Regency Business Center, Bismarck, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1]   Jesse Eckroth appeals from a district court judgment sentencing him on his third offense of driving under the influence ("DUI"), a class A misdemeanor.   Eckroth argues the district court order sentencing him for his third DUI conviction should be remanded with instructions to enter a judgment of acquittal because he was convicted using invalid prior convictions.   He also argues the district court erred in denying him credit for time served in custody as a result of multiple violations of the 24/7 sobriety program.   We affirm.

I

[¶ 2]   In May 2013, Eckroth was arrested for driving under the influence of intoxicating liquor in Burleigh County.   Because this was his third DUI offense in five years, Eckroth was placed on the 24/7 sobriety program [1] as part of his bond conditions.   Eckroth violated the terms of the sobriety program on three separate occasions by testing positive for alcohol consumption.   As a result, he served six days in custody while awaiting subsequent bond hearings.   In July 2013, Eckroth had an alcohol concentration of .048 and was placed in custody for three days.   In November, he had an alcohol concentration of .029 and was placed in custody for two days.   In February 2014, he had an alcohol concentration of .035 and was placed in custody for one day.   During oral argument, the State conceded it chose not to bring additional charges against Eckroth

1.  In 2009, the North Dakota Legislative Assembly authorized the attorney general to establish a statewide 24/7 sobriety program as an alternative to incarceration for individuals charged with, or convicted of, driving under the influence or other offenses in which alcohol or controlled substances are involved. N.D.C.C. § 54–12–27.   Under the sobriety program, courts are granted discretion to order an offender to participate in the program as a condition of bond.   *See* N.D.C.C. § 54–12–31.   Participants in the program must refrain from using alcohol and submit to daily testing.   Upon failing any test, an offender will be immediately taken into custody until the offender has made a personal appearance before a magistrate.   N.D.C.C. § 29–06–15(3).

for violating the terms of the 24/7 sobriety program.

[¶ 3] In April 2014, a jury found Eckroth guilty of DUI. At sentencing, the State offered two exhibits reflecting Eckroth's previous DUI convictions—one from Olmsted County, Minnesota, and the other from Bismarck Municipal Court. The district court accepted the two exhibits as evidence of valid prior convictions and entered an order of judgment sentencing him for a third DUI offense. Eckroth was sentenced to one year of incarceration, with all but ninety days suspended, and two years of probation.

[¶ 4] On April 15, 2014, Eckroth moved this Court to stay his sentence and to release him pending appeal. We denied the motion. That same day, Eckroth also appealed to this Court, arguing he was convicted of third-offense DUI using unsound prior convictions and was not given credit for time served in custody. Eckroth has served the entire ninety-day sentence imposed for the third-offense DUI charge.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. Eckroth timely appealed under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–28–06.

## II

[¶ 6] On appeal, Eckroth argues the district court erred by relying on two unsound convictions in sentencing him for his third DUI. He argues the State failed to meet its burden to prove that he was counseled or waived his right to counsel in his previous DUI convictions. Therefore, Eckroth requests this Court to remand to the district court with instructions to enter a judgment of acquittal on the enhanced DUI charge.

[¶ 7] "A district court is afforded wide discretion in sentencing." *State v. Henes*, 2009 ND 42, ¶ 6, 763 N.W.2d 502 (citing *State v. Hoverson*, 2006 ND 49, ¶ 34, 710 N.W.2d 890). "This Court will vacate a district court's sentencing decision only if the court acted outside the limits prescribed by statute or substantially relied on an impermissible factor in determining the severity of the sentence." *Henes*, at ¶ 6 (citing *State v. Emery*, 2008 ND 3, ¶ 4, 743 N.W.2d 815).

[¶ 8] A DUI conviction cannot be used for enhancement purposes in regard to a subsequent DUI conviction without proof that the defendant waived the right to counsel before pleading guilty to the earlier DUI charge. *State v. Emery*, 2008 ND 3, ¶ 6, 743 N.W.2d 815; *see also State v. Johnson*, 376 N.W.2d 15, 16 (N.D. 1985); *State v. Orr*, 375 N.W.2d 171, 178–79 (N.D.1985). "A prior uncounseled conviction without waiver of counsel is an impermissible factor which may not be substantially relied on by a trial judge in sentencing a defendant." *Emery*, at ¶ 6 (citing *State v. Cummings*, 386 N.W.2d 468, 469 (N.D.1986)). A district court may not presume a defendant validly waived the right to counsel when the record does not affirmatively indicate such waiver. *Orr*, 375 N.W.2d at 174. Once the reliability of the prior convictions is established by showing the defendant had counsel, the burden shifts to the defendant to affirmatively show the convictions were deficient under N.D.R.Crim.P. 11. *State v. Berger*, 1999 ND 46, ¶ 10, 590 N.W.2d 884.

[¶ 9] At sentencing, the State offered two exhibits of Eckroth's previous DUI convictions—one from Minnesota in March 2010, and the other from Bismarck Municipal Court in October 2010. The first exhibit is a record of the Minnesota proceeding indicating the case information, activities at the hearing, and future

hearing information. Under the "Activities at this Hearing" heading, the document notes Eckroth was present at the hearing, his rights were administered, and he petitioned to enter a guilty plea. The document does not specify which rights were administered; instead, it simply notes, "Rights administered."

[¶ 10] In regard to the record from the Bismarck Municipal Court, the exhibit offered into evidence contained a document titled "Notification of Rights and Acknowledgement" and a criminal judgment indicating Eckroth was being charged with second-offense DUI. The "Notification of Rights and Acknowledgement" document listed the rights afforded to Eckroth, including the right to counsel at all stages of the proceedings. Eckroth signed the document, indicating he had read the notification, was orally informed of his rights by the court, and understood each of them. Moreover, Eckroth marked on the second page of the document that he wished to plead guilty and waive his rights to a jury trial and the assistance of an attorney.

[¶ 11] Eckroth argues the State failed to establish that the prior convictions used to enhance his DUI charge were constitutionally sound convictions. Eckroth takes issue with Exhibit 3, the record of the Minnesota proceeding, claiming the notation "Rights administered" does not evidence counsel or waiver of the right to counsel and is "the functional equivalent of a silent record." *See Orr*, 375 N.W.2d at 179 (A "silent record is insufficient to overcome the presumption that the prior uncounseled conviction was void for enhancement purposes."). Therefore, Eckroth argues this exhibit should be presumed and considered void for enhancement purposes.

[¶ 12] Eckroth also argues the State did not meet its burden to establish waiver of counsel when it introduced the municipal court judgment for purposes of enhancing his DUI charge. In addition to raising concerns about whether this document was properly certified, Eckroth claims it does not indicate waiver of counsel and excludes pertinent information such as the case number or the charge being pled to.

[¶ 13] In deciding whether Eckroth's previous convictions can be used for enhancement purposes, we must determine whether those convictions affirmatively indicate that Eckroth was informed of and waived his right to counsel in the respective tribunals. *Orr*, 375 N.W.2d at 179. In regard to the Minnesota proceeding, the exhibit explicitly states Eckroth's rights were administered to him and he petitioned to enter a guilty plea. Although the exhibit could have described the rights administered to Eckroth in a more thorough manner, we have held that a district court "is not required to state by name to the defendant every right which the defendant waives by pleading guilty to an offense." *State v. Olson*, 544 N.W.2d 144, 147 (N.D.1996) (citing *State v. Storbakken*, 246 N.W.2d 78 (N.D.1976)). "Rather, due process is satisfied when the whole record clearly reflects the defendant's knowledge of the rights waived by pleading guilty." *Olson*, 544 N.W.2d·at 147 (citations omitted). Moreover, according to Minnesota's Rules of Criminal Procedure, Minnesota courts are required to ensure that a defendant who wishes to plead guilty understands "there is a right to the assistance of counsel at every stage of the proceedings and that defense counsel will be appointed for a defendant unable to afford counsel." Minn.R.Crim.P. 15.02(1)(4); *see Orr*, 375 N.W.2d at 179–80 (if a record is deemed silent on waiver, the State may "rely on parol or other evidence" to overcome the burden of proving the validity of a prior uncounseled conviction). In light of this

requirement, and in the absence of any evidence or testimony suggesting otherwise, the exhibit of the Minnesota proceeding is not silent regarding waiver. Instead, the exhibit indicates that the court administered the rights granted to Eckroth and that he petitioned to plead guilty. Therefore, because the record is not silent in regard to whether Eckroth was informed of and waived his right to counsel, we hold the exhibit of the Minnesota proceeding is valid for enhancement purposes.

■ [¶ 14] In regard to the Bismarck Municipal Court proceeding, although Eckroth argues the record of the proceeding is void for enhancement purposes, the record substantially complies with Rule 11, N.D.R.Crim.P., and is therefore valid for purposes of sentencing enhancement. The record establishes Eckroth signed a document titled "Notification of Rights and Acknowledgement," which informed him of all his rights, including the right to counsel and the right to trial. Eckroth also completed and signed the next page of the document, stating he pled guilty, waived his rights to trial and counsel, and did not wish to consult with an attorney. Moreover, this Court has held that this type of municipal court record is constitutionally sufficient. In *City of Fargo v. Christiansen*, this Court held, if "we are able to determine from the record that the [municipal] court acted in accordance with the defendant's constitutional rights and privileges, and substantially complied with the procedures adopted to protect those rights and privileges, the record should be deemed adequate and the process chosen by the court should be given considerable weight." 430 N.W.2d 327, 330 (N.D.1988) (citing *Koenig v. State*, 99 Nev. 780, 672 P.2d 37, 43 (1983) ("So long as the court records from such courts reflect that the spirit of the constitutional principles is respected, the convenience of the parties and

the court should be given considerable weight, and the court record should be deemed constitutionally adequate.")). Here the municipal court substantially complied with the procedures set forth in Rule 11, N.D.R.Crim.P., and the record is therefore constitutionally sufficient for enhancement purposes.

■ [¶ 15] Although Eckroth says there is some uncertainty as to whether the record of the Minnesota conviction affirmatively indicates that he was informed of and waived his right to counsel, his subsequent guilty plea waives the alleged defects in the Minnesota conviction of which he complains. *See Olson*, 544 N.W.2d at 147 ("[W]hen the defendant is aware of his or her constitutional rights and nevertheless pleads guilty to the offense, the voluntary plea of guilty effectively waives any constitutional violations alleged to have occurred prior to the plea."). In pleading guilty to a second-offense DUI, Eckroth was aware that the prior conviction from the Minnesota court was being considered for enhancement. Therefore, by introducing the two prior DUI convictions, the State has carried its burden in proving the validity of the prior convictions for enhancement purposes.

## III

[¶ 16] Eckroth argues the district court was required by N.D.C.C. § 12.1–32–02(2) to grant him credit against his DUI sentence for the six days he spent in custody as a result of violating the 24/7 sobriety program. Because he was not charged with any offense other than third-offense DUI, Eckroth contends the custody he served was a direct result of the DUI charge. He therefore argues the district court erred in denying him credit for time served in custody and asks this Court to enter a judgment of acquittal on the third-offense DUI charge.

[¶ 17]   After Eckroth was found guilty of a third-offense DUI, the district court sentenced him to one year in custody, with all but ninety days suspended, and two years of probation.   In doing so, the district court noted that although Eckroth served six days in custody for violating the 24/7 sobriety program, it did not believe he was entitled to credit for that time spent in custody:

> If there is any credit for time served, the defendant would be entitled to that, so you may want to check on that Mr. Herbel.
>
> I will say that if there was time that was served due to 24/7 violations, it would be my opinion that he would not be entitled to credit for any of that.

[¶ 18]   Although Eckroth argues the district court erred in denying him credit for time served in custody as a result of his violations of the 24/7 sobriety program, the record before us reveals he did not object to the district court's ruling at the time of sentencing.   By failing to object, Eckroth failed to preserve the issue for review on appeal.   *State v. Barnett,* 543 N.W.2d 774, 779 (N.D.1996); *State v. Ash,* 526 N.W.2d 473, 482 (N.D.1995).   When a party fails to object at the time of the alleged error, such failure "acts as a waiver of the claim of error."   *City of Fargo v. Erickson,* 1999 ND 145, ¶ 22, 598 N.W.2d 787 (Sandstrom, J., concurring specially) (citing *Andrews v. O'Hearn,* 387 N.W.2d 716, 730 (N.D.1986)).

[¶ 19]   Despite Eckroth's failure to properly preserve the issue for appellate review, under N.D.R.Crim.P. 52(b), this Court may notice obvious errors not raised in the district court.   *E.g., State v. Thompson,* 2010 ND 10, ¶ 20, 777 N.W.2d 617.   "Rule 52(b) provides a narrow exception to the rule that issues may not be raised for the first time on appeal, and we exercise the power to notice obvious error

cautiously and only in exceptional circumstances where the defendant has suffered serious injustice."   *State v. Tresenriter,* 2012 ND 240, ¶ 12, 823 N.W.2d 774 (citing *State v. Clark,* 2012 ND 135, ¶ 26, 818 N.W.2d 739; *State v. Vondal,* 2011 ND 186, ¶ 5, 803 N.W.2d 578).   "To establish obvious error, the defendant has the burden to demonstrate plain error which affected his substantial rights.   To constitute obvious error, the error must be a clear deviation from an applicable legal rule under current law."   *Tresenriter,* at ¶ 12 (citations omitted).   There can be no obvious error when an applicable rule of law has not been clearly established.   *Id.; State v. Desjarlais,* 2008 ND 13, ¶ 10, 744 N.W.2d 529.

[¶ 20]   Because the law regarding credit for time served for violations of the 24/7 sobriety program is not clearly established, and because Eckroth has not demonstrated that denying credit for time served for violations of the 24/7 sobriety program is a clear deviation from an applicable legal rule under current law, we conclude the district court did not commit obvious error when it denied Eckroth credit for his time served on the 24/7 sobriety program violations against his sentence on the DUI conviction.

### IV

[¶ 21]   For the reasons stated herein, the judgment of the district court is in all respects affirmed.

[¶ 22]   GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS and LISA FAIR McEVERS, JJ., concur.

CAROL RONNING KAPSNER, J., concurs in the result.