Filed 7/1/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 176

State of North Dakota, Plaintiff and Appellee

v.

Jad K. Breiner, Defendant and Appellant

No. 20140427

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lawrence E. Jahnke, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Meredith H. Larson (argued), Grand Forks County State’s Attorney, and Aaron Weber (on brief), third-year law student, under the Rules on Limited Practice of Law by Law Students, P.O. Box 5607, Grand Forks, ND 58206-5607, for plaintiff and appellee.

David N. Ogren (on brief) and Rhiannon L. Gorham (appeared), Grand Forks Public Defender Office, and Sarah Scholler (argued), law graduate, under the Rules on Limited Practice of Law by Law Students, 405 Bruce Ave., Ste. 101, Grand Forks, ND 58201, for defendant and appellant.

State v. Breiner

No. 20140427

Crothers, Justice.

[¶1] Jad Karter Breiner appeals from an amended criminal judgment entered upon a conditional plea of guilty to the charge of driving under the influence, reserving the right to appeal the order denying his motion in limine.  Breiner argues computer-

generated case summaries of his DUI convictions are not sufficient to satisfy the State’s burden of proving that Breiner had prior convictions and that he either had counsel or properly waived representation by counsel so that the convictions can be used to enhance his sentence.  We affirm.

I

[¶2] Breiner was charged with driving under the influence under N.D.C.C. § 39-

08-01(b), alleging this was his fourth offense or more.  The State offered six DUI convictions, citing case numbers 08-92-K-1549, MA-96-K11876, 09-00-K-00691, 08-02-K-01822, 08-02-K-02785 and 08-03-K-02192.  The State also noted a pending Iowa DUI where Breiner pled guilty, but had not been sentenced.  Breiner moved to exclude his prior DUI convictions, seeking to prevent the State from using copies of computer-generated case summaries for enhanced sentencing purposes.  The district court denied Breiner’s motion, adopted the State’s position and permitted the use of four exhibits by the State for sentencing enhancement.  Breiner entered a conditional plea of guilty, reserving the right to appeal the district court’s order denying his motion.  The district court entered a criminal judgment and sentenced Breiner to 3 years’ imprisonment, suspending 1 year and 364 days.  Breiner appeals.

II

[¶3] “A person convicted of violating [N.D.C.C. § 39-08-01] must be sentenced in accordance with [section 39-08-01(5)].”  N.D.C.C. § 39-08-01(5).  The State sought enhancement under N.D.C.C. § 39-08-01(5)(d) for Breiner’s fourth or subsequent offense.  The district court sentenced Breiner under the enhancement requirements in N.D.C.C. § 39-08-01(5)(d).  “The minimum penalty for violating [section 39-08-01] is as provided in subsection 5.  The court shall take judicial notice of the fact that an offense would be a subsequent offense if indicated by the records of the director or may make a subsequent offense finding based on other evidence.”  N.D.C.C. § 39-08-01(3).  Breiner moved to prevent the State from using copies of DUI case summaries for sentencing enhancement. 

[¶4] In cases challenging the district court’s reliance upon prior convictions for sentencing purposes, we have explained,
 
 “A district court is afforded wide discretion in sentencing.  This Court will vacate a district court’s sentencing decision only if the court acted outside the limits prescribed by statute or substantially relied on an impermissible factor in determining the severity of the sentence.”  
State v. Eckroth
, 2015 ND 40, ¶ 7, 858 N.W.2d 908 (internal citations and quotation marks omitted). “A prior uncounseled conviction without waiver of counsel is an impermissible factor which may not be substantially relied on by a trial judge in sentencing a defendant.” 
State v. Emery
, 2008 ND 3, ¶ 6, 743 N.W.2d 815. 

III

[¶5] “A DUI conviction cannot be used for enhancement purposes in regard to a subsequent DUI conviction without proof that the defendant waived the right to counsel before pleading guilty to the earlier DUI charge.”  
Eckroth
, 2015 ND 40, ¶ 8, 858 N.W.2d 908 (citing 
Emery
, 2008 ND 3, ¶ 6, 743 N.W.2d 815); 
see also
 
State v. Johnson
, 376 N.W.2d 15, 16 (N.D. 1985); 
State v. Orr
, 375 N.W.2d 171, 178-80 (N.D. 1985).  “A prior uncounseled conviction without waiver of counsel is an impermissible factor which may not be substantially relied on by a trial judge in sentencing a defendant.”  
Emery
, at ¶ 6.  “A district court may not presume a defendant validly waived the right to counsel when the record does not affirmatively indicate such waiver.”  
Eckroth
, at ¶ 8 (citing 
Orr
, 375 N.W.2d at 174).  “Once the reliability of the prior convictions is established by a showing the defendant had counsel, the burden shifts to the defendant to affirmatively show the convictions were deficient under [N.D.R.Crim.P.] 11.”  
State v. Berger
, 1999 ND 46, ¶ 10, 590 N.W.2d 884.

[¶6] “In 
Burgett v. Texas
, [389 U.S. 109 (1967)], the Supreme Court held that a prior felony conviction was presumed void and could not be used to enhance punishment, where the record did not indicate that the defendant had, or waived, counsel.”  
Orr
, 375 N.W.2d at 179.  A “silent record is insufficient to overcome the presumption that the prior uncounseled conviction was void for enhancement purposes.”  
Id.
  “To meet its burden the State [can] rely on parol or other evidence that [the defendant] waived his right to counsel.” 
Id.
 at 179-80. 

[¶7] In 
State v. Haverluk
, this Court held a record with certified judgments from three DUI convictions indicating the defendant had the benefit of counsel was sufficient to shift the burden to the defendant to show otherwise.  432 N.W.2d 871, 875 (N.D. 1988).  In 
Haverluk
, the Court stated an “indication in the documents that [the defendant] had the benefit of legal counsel” is sufficient parol evidence.  432 N.W.2d at 875.  The Court explained:

“After reviewing the record in the instant case, we find that it is not completely silent as to whether or not Haverluk was represented by counsel in his previous driving under the influence convictions. The certified criminal judgment from Stark County Court dated January 26, 1983, provides the name of counsel who represented Haverluk in that case. Also, the certified criminal judgment from the State of Montana dated January 29, 1985, provides the name of counsel who appeared with Haverluk when a plea of guilty was entered in that case. Finally, while the criminal judgment from the municipal court of the City of Dickinson dated April 8, 1982, does not list an attorney or counsel, there is indication in the documents that Haverluk had the benefit of legal counsel.”

Id.
 

[¶8] In 
City of Fargo v. Christiansen
, we explained: 

“[If] we are able to determine from the record that the court acted in accordance with the defendant’s constitutional rights and privileges, and substantially complied with the procedures adopted to protect those rights and privileges, the record should be deemed adequate and the process chosen by the court should be given considerable weight.”  

430 N.W.2d 327, 330 (N.D. 1988) (citing 
Koenig v. State
, 672 P.2d 37, 43 (Nev. 1983)). 

[¶9] Breiner argues computer-generated case summaries are insufficient parol evidence to satisfy the State’s burden he was represented by counsel or waived representation by counsel.  Initially, the State introduced seven exhibits as proof of Breiner’s convictions.  The State concedes three of the exhibits are insufficient proof, but argues four exhibits overcome a presumptively invalid conviction for enhancement purposes.  The State argues Exhibits 1, 3, 4 and 5 meet the appropriate burden, overcoming a presumptively invalid conviction for enhancement purposes.  The district court permitted the use of Exhibits 1, 3, 4 and 5 for sentencing enhancement.

[¶10] Exhibit 1, a summary of case number 08-92-K-01549, a Burleigh County DUI charge, shows an “app[lication] for court appointed counsel” and the name of Breiner’s counsel.  Exhibit 1 indicates representation by counsel.  Exhibit 3, a summary of case number 09-00-K-00691, a Cass County DUI charge, shows “notification of rights & application for appointed defense services” and the name of Breiner’s counsel.  Exhibit 3 indicates representation by counsel.  Exhibit 4, a summary of case number 08-02-K-01822, a Burleigh County DUI charge, shows “notification of rights and acknowledgments,” an “application for court appointed attorney” and the name of Breiner’s counsel.  Exhibit 4 indicates representation by counsel.  Exhibit 5, a summary of case number 08-02-K-02785, a Burleigh County DUI charge, a second offense in five years, shows three separate “notification of rights and acknowledgment,” an “application for court appointed attorney” and the name of Breiner’s counsel.  Exhibit 5 indicates representation by counsel. 

[¶11] Through Exhibits 1, 3, 4 and 5, the State met its initial burden showing Breiner had or waived legal representation in his prior convictions.  Breiner then had the burden of establishing his convictions were uncounseled, but failed to do so.  
See
 
Christiansen
, 430 N.W.2d at 330.  “‘So long as the court records from such courts reflect that the spirit of the constitutional principles is respected, the convenience of the parties and the court should be given considerable weight, and the court record should be deemed constitutionally adequate.’”  
Id.
 (quoting 
Koenig
, 672 P.2d at 43).  Here, Exhibits 1, 3, 4 and 5 reflect that the spirit of the constitutional principles were respected by reading Breiner his rights or allowing him court appointed counsel.  Exhibits 1, 3, 4 and 5 overcome a presumptively invalid conviction for enhancement purposes, and are sufficient to satisfy the State’s burden of proving that Breiner had convictions and either had counsel or he properly waived representation by counsel so that the convictions can be used to enhance his sentence. 

IV

[¶12] The State’s Exhibits 1, 3, 4 and 5 satisfy the State’s burden of proving that Breiner had convictions and counsel or that he properly waived representation by counsel so that the convictions can be used to enhance his current sentence.  These four exhibits are sufficient to enhance Breiner’s sentence under N.D.C.C. § 39-08-

01(5)(d), for his fourth or subsequent offense.  The district court did not act outside the limits prescribed by statute or substantially rely on an impermissible factor when relying on Exhibits 1, 3, 4 and 5 and sentencing Breiner under N.D.C.C. § 39-08-

01(5)(d).  We affirm the district court amended criminal judgment entered upon a conditional plea of guilty to the charge of driving under the influence. 

[¶13] Daniel J. Crothers

Lisa Fair McEvers

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.