2016 ND 60

**Laurita A. WERVEN, Plaintiff
and Appellee**

.v.

**Ralph M. WERVEN, Defendant
and Appellant.**

No. 20150201.

Supreme Court of North Dakota.

March 15, 2016.

Tracy L. Laaveg (argued), Park River, N.D., and Cameron D. Sillers (appeared), Langdon, N.D., for plaintiff and appellee.

Deanna F. Longtin, Cavalier, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Ralph Werven appeals from a divorce judgment dividing the marital estate and awarding Laurita Werven spousal support. Ralph Werven also appeals from post-judgment orders denying his motion to alter or amend the judgment or for a new trial, denying his motion to stay the judgment, and holding him in contempt. We affirm the divorce judgment, the order denying the motion to alter or amend the judgment or for a new trial, and the order denying the motion to stay the judgment. The order holding Ralph Werven in contempt is affirmed as modified.

I

[¶ 2] Ralph Werven and Laurita Werven were married in 1993 and divorced in 2014. At trial, Ralph Werven was fifty-five years old and was a fifty percent owner and vice president of Grain Systems Repair, Inc. ("GSR") and earned approximately $64,000 annually. Laurita Werven was fifty-three years old, suffered from knee and back problems, and was not employed outside the home since 2002. The district court awarded Ralph Werven $657,748 in assets and $641,997 in debt, and awarded Laurita Werven $67,075 in assets and $30,360 in debt. Two specific items of property awarded to Laurita Werven were a parcel of real estate referred to as Parcel Three and a decal cutting machine she used to make custom vinyl decals for individuals and businesses. The court also awarded Laurita Werven $1,000 of spousal support per month until her 65th birthday, remarriage, cohabitation with another individual for longer than nine months, or the death of either herself or Ralph Werven, whichever occurs first.

[¶ 3] After the divorce judgment was entered, both parties filed post-judgment motions. Laurita Werven moved for an

order to show cause against Ralph Werven for failure to pay spousal support on December 1, 2014, and for failing to convey Parcel Three and deliver the decal cutter.

[¶ 4] Ralph Werven filed a motion to alter or amend the judgment or for a new trial, requesting the court to reconsider its decisions on the property distributions and spousal support. He also moved to stay the judgment. In his affidavit supporting the motion, he stated that on the day after the trial ended, he was removed as an owner and vice president of GSR. He stated without his GSR salary, he no longer had the ability to pay spousal support. He stated he was unable to convey Parcel Three because his daughters were supposed to receive it under an earlier divorce judgment, and he could not deliver the decal cutter because it was owned by GSR.

[¶ 5] At a hearing on the motions in December 2014, Ralph Werven testified he was not removed from GSR. He testified GSR was struggling financially and he did not have the financial resources to take over GSR on his own. He testified he transferred his shares of stock and an interest in real property to the other owner of GSR. In exchange, the remaining owner of GSR agreed Ralph Werven would not be personally liable for any corporate debt. He also testified an upcoming shoulder surgery would further limit his ability to pay spousal support. The district court found Ralph Werven's transfer of his GSR stock was suspicious. At the conclusion of the hearing, the court ordered him to transfer the decal cutter and Parcel Three to Laurita Werven or he would be held in contempt. The court stated it would prepare a written order regarding spousal support following the hearing.

[¶ 6] In January 2015, Laurita Werven again moved for an order to show cause against Ralph Werven for failure to pay spousal support and failure to deliver the decal cutter. At a May 2015 hearing on the order to show cause, the district court indicated it failed to issue a written order after the hearing in December 2014. The court stated its intent was to deny Ralph Werven's post-judgment motions after the December hearing. The court heard testimony from Ralph Werven regarding his inability to pay spousal support and found his testimony was not credible. The court found he voluntarily transferred his GSR stock and deliberately failed to pay spousal support since entry of the divorce judgment. The court held him in contempt for failing to pay spousal support and failing to transfer the decal cutter to Laurita Werven. He was ordered to pay the overdue spousal support and deliver the decal cutter before June 2, 2015, or he would be arrested and incarcerated. The court also issued an order denying Ralph Werven's motion to alter or amend the judgment or for a new trial and motion to stay the judgment. The parties subsequently agreed Ralph Werven would pay $2,500 to Laurita Werven for the value of the decal cutter.

II

[¶ 7] As an initial matter, we address Laurita Werven's contention that Ralph Werven's appeal of the divorce judgment is untimely and not properly before this Court.

[¶ 8] The time for filing an appeal is governed by N.D.R.App.P. 4(a)(1). Under N.D.R.App.P. 4(a)(1), a party has 60 days from service of notice of entry of the judgment to file an appeal. Under N.D.R.App.P. 4(a)(3)(A), if a party timely files a post-judgment motion under N.D.R.Civ.P. 52(b), 59, or 60, "the full time to file an appeal runs for all parties from service of notice of the entry of the order disposing of the last such remaining motion." *See also* N.D.R.App.P. 4, Explana-

tory Note ("a post-judgment motion under any of the listed rules, whether titled as a motion to alter, amend, or vacate, for relief from judgment, or for reconsideration, will toll the time period to file a notice of appeal"). A post-judgment motion is timely if it is filed within 28 days after notice of entry of the judgment. *See* N.D.R.App.P. 4(a)(3)(A)(vi); N.D.R.Civ.P. 52(b), 59(j).

[¶ 9] The notice of entry of the divorce judgment was served on November 19, 2014. Ralph Werven's post-trial motion to alter or amend the judgment or for a new trial, requesting the court to reconsider its decisions on the property distributions and spousal support, was filed on December 4, 2014. The post-judgment motion was filed within 28 days of notice of entry of judgment, so the time to file an appeal from the divorce judgment was tolled until the motion was disposed of. The notice of entry of the order disposing Ralph Werven's post-judgment motion was served on May 12, 2015, and the notice of appeal was filed on July 9, 2015. We conclude Ralph Werven's appeal of the divorce judgment and post-judgment motion is timely.

### III

[¶ 10] Ralph Werven argues the district court erred in its property distributions. He argues the court erred in awarding Parcel Three and the decal cutter to Laurita Werven.

[¶ 11] A district court's property distribution is treated as a finding of fact subject to the clearly erroneous standard of review. *Kosobud v. Kosobud,* 2012 ND 122, ¶ 6, 817 N.W.2d 384. A finding is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, based on the entire record, we are left with a definite and firm conviction a mistake has been made. *Koble v. Koble,* 2008 ND 11, ¶ 6, 743 N.W.2d 797.

### A

[¶ 12] Ralph Werven argues the district court erred in awarding Parcel Three to Laurita Werven. He argues he should have been awarded Parcel Three because under an earlier divorce judgment entered in 1991, he was ordered to convey the property to his daughters and retain a life estate for himself. He failed to convey the property to his daughters after his divorce in 1991. In 2006, he conveyed Parcel Three to Laurita Werven and retained a life estate for himself. There is no evidence Ralph Werven's daughters sought to enforce the 1991 judgment. The record indicates Parcel Three was owned by Laurita Werven, subject to Ralph Werven's life estate. We conclude the district court's award of Parcel Three to Laurita Werven was not clearly erroneous.

### B

[¶ 13] Ralph Werven argues the district court erred in awarding the decal cutter to Laurita Werven because it is owned by GSR. At the December 2014 and May 2015 post-judgment hearings, the court ordered him to deliver the decal cutter to Laurita Werven. After he was held in contempt for not paying spousal support and not delivering the decal cutter, the parties stipulated to a cash settlement, and Ralph Werven paid Laurita Werven $2,500 for the value of the decal cutter.

[¶ 14] All property owned by either party, whether jointly or individually, is considered marital property. *Weigel v. Weigel,* 2015 ND 270, ¶ 9, 871 N.W.2d 810. As a corollary, property not owned by either party is not marital property. In cases where one spouse owns an interest in a corporation or other business entity,

district courts generally value the business interest and include that value in the marital estate. *See Nuveen v. Nuveen*, 2011 ND 44, ¶ 7, 795 N.W.2d 308; *Sommers v. Sommers*, 2003 ND 77, ¶ 9, 660 N.W.2d 586; *Kluck v. Kluck*, 1997 ND 41, ¶ 36, 561 N.W.2d 263.

█ [¶ 15] Here, the court valued Ralph Werven's interest in GSR and included it as part of the marital estate. The record indicates GSR owns the decal cutter. Laurita Werven testified the decal cutter was purchased by GSR, but she used it in the parties' home for many years. Laurita Werven had used the decal cutter to generate income in her signing business. The district court also acknowledged GSR's ownership of the decal cutter, but stated, "[t]here was no insistence that the decal machine could only be the corporation[']s, it was treated as a matter of personal property in the Werven household."

█ [¶ 16] In awarding the decal cutter to Laurita Werven, we conclude the court misapplied the law and erroneously treated the decal cutter as personal marital property and not as a business asset. However, this issue is now moot because the parties later stipulated to an award of the decal cutter's value. Although this issue is moot, our discussion of the issue is relevant to our discussion on contempt in Part VI(B) of this opinion.

## IV

█ [¶ 17] Ralph Werven argues the district court's award of spousal support to Laurita Werven was clearly erroneous. Under N.D.C.C. § 14–05–24.1, a district court may order a party in a divorce action to pay spousal support. "In awarding spousal support, the district court must consider the relevant factors outlined in *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952) and *Fischer v. Fischer*,

139 N.W.2d 845 (N.D.1966)." *Paulson v. Paulson*, 2011 ND 159, ¶ 4, 801 N.W.2d 746. The *Ruff–Fischer* guidelines require the court to consider:

> the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Paulson*, at ¶ 4 (quoting *Duff v. Kearns-Duff*, 2010 ND 247, ¶ 14, 792 N.W.2d 916). The needs of the spouse seeking support and the needs and ability to pay of the supporting spouse must also be considered. *Paulson*, at ¶ 4.

█ [¶ 18] An award of spousal support is a finding of fact, which we will not reverse unless it is clearly erroneous. *Paulson*, 2011 ND 159, ¶ 6, 801 N.W.2d 746. "A district court's findings of fact are presumed to be correct, and we view the evidence in the light most favorable to the findings." *Id.*

█ [¶ 19] The district court awarded Laurita Werven $1,000 per month until her 65th birthday, remarriage, cohabitation with another individual for longer than nine months, or the death of either herself or Ralph Werven, whichever occurs first. The court found she needed at least $2,000 per month for living expenses. The court found a significant disparity existed in the parties' earning abilities. Ralph Werven testified he earns an annual salary of approximately $64,000 from GSR, and the court found his monthly net income was close to $5,000. Ralph Werven's monthly expenses were found to be approximately

$3,700. The court found Laurita Werven's $8,000 annual income consisted primarily of money given to her by Ralph Werven, including temporary spousal support of $1,200 per month. The court stated, "Like it nor not, Laurita must get a job," and found she could earn a monthly net income of approximately $1,000 with a minimum wage job.

[¶ 20] In considering the parties' health and physical condition, the district court found Laurita Werven's back and knee problems limit her employment options. The court acknowledged Ralph Werven's upcoming shoulder surgeries, but found any negative impact would be of a limited duration with proper recuperation and rehabilitation. Furthermore, there was no evidence indicating Ralph Werven would not earn his regular monthly salary from GSR while he was recovering from his surgeries.

[¶ 21] Ralph Werven has failed to demonstrate the district court's findings of fact on spousal support are clearly erroneous. The court considered the *Ruff–Fischer* guidelines and the parties' needs and ability to pay. We conclude the court's findings of fact are not clearly erroneous and the court did not err in awarding Laurita Werven $1,000 per month in spousal support. The evidence supports the court's findings, and we are not left with a definite and firm conviction a mistake was made.

## V

[¶ 22] Ralph Werven argues the district court erred in denying his motion to alter or amend the judgment, or for a new trial. He requested the court to reconsider its decisions on property distribution and spousal support. He asked the court to alter its findings on the basis of the evidence presented at trial, and to alter its findings on the basis of events occurring since trial.

[¶ 23] In his brief supporting the motion, Ralph Werven requested the district court to alter or amend its findings under N.D.R.Civ.P. 52. Rule 52(b), N.D.R.Civ. P., allows a district court, upon a timely motion, to amend or make additional findings and to amend the judgment accordingly. Ralph Werven also requested the court to reconsider its decisions made at trial. "[T]his Court has treated motions for reconsideration as either motions to alter or amend a judgment under N.D.R.Civ.P. 59(j), or motions for relief from a judgment or order under N.D.R.Civ.P. 60(b)." *Hammeren v. Hammeren*, 2012 ND 225, ¶ 28, 823 N.W.2d 482.

[¶ 24] A district court's decision on a motion to amend or make additional findings under N.D.R.Civ.P. 52(b), on a motion to alter or amend a judgment under N.D.R.Civ.P. 59(j), or on a motion for relief from the judgment under N.D.R.Civ.P. 60(b), will not be reversed on appeal absent an abuse of discretion. *Hammeren*, 2012 ND 225, ¶ 29, 823 N.W.2d 482. A court abuses its discretion when it misinterprets or misapplies the law or when it acts in an arbitrary, unreasonable, or unconscionable manner. *Sall v. Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378. A motion to amend a judgment may not be used to re-litigate factual questions and present evidence that was available to be presented at trial. *Heller v. Heller*, 367 N.W.2d 179, 183 (N.D.1985).

### A

[¶ 25] Ralph Werven argues the district court erred in denying his motion to reconsider its decision regarding Parcel Three. In the motion, he requested the court to "reconsider the evidence presented at trial, and award ... Parcel 3 ... to [Ralph Werven]."

[¶ 26] At trial, Ralph Werven introduced a copy of the judgment from his 1991 divorce ordering him to convey Parcel Three to his daughters. He testified he should be awarded the property so he could convey it to his daughters as required under the judgment. At the December 2014 hearing, he argued again that he was bound by the earlier divorce judgment to convey Parcel Three to his daughters. He argued his former wife may have a claim to the property because it was not conveyed to his daughters. The district court stated the evidence at trial showed Laurita Werven owned Parcel Three. The court stated it was not going to retry any issues regarding Parcel Three: "we're not discussing this parcel any further. You want to go back and retry this case, I was here for two days and if this evidence didn't get in at that time, we're not going and starting over again here now."

[¶ 27] A motion for reconsideration is treated as either a motion to alter or amend a judgment or a motion for relief from a judgment. *Hammeren*, 2012 ND 225, ¶ 28, 823 N.W.2d 482. A motion to amend a judgment may not be used to present evidence that was available to be presented at trial. *Heller*, 367 N.W.2d at 183. Ralph Werven did not present any new evidence regarding Parcel Three in his motion or at hearing that could not have been presented at trial. On this record, we conclude the court's denial of the motion to alter or amend the judgment requesting the court to reconsider its decision on Parcel Three was not an abuse of discretion.

B

[¶ 28] Ralph Werven argues the district court erred in denying his motion to alter or amend the judgment on the issue of spousal support. He argues he does not have the ability to pay spousal support because he no longer has an interest in GSR.

[¶ 29] In his post-judgment motion, Ralph Werven requested the district court to "hear new evidence ... regarding [his] income and reconsider the award of spousal support." In his affidavit supporting his motion, he stated he was removed as an officer and owner of GSR a day after the trial concluded. The court issued its judgment more than three weeks after trial. Ralph Werven moved to reconsider spousal support after the court issued its judgment.

[¶ 30] Under N.D.C.C. § 14–05–24.1, the district court retains jurisdiction to modify its spousal support orders. Ralph Werven's new evidence regarding his income is analogous to a change in financial circumstances, which is a ground for relief in a motion to modify spousal support. In a motion to modify spousal support, the party seeking modification bears the burden of proving there has been a material change in the parties' financial circumstances warranting a change in the amount of support. *Rothberg v. Rothberg*, 2007 ND 24, ¶ 6, 727 N.W.2d 771. Not every change in a party's financial circumstances justifies a modification, and no modification is warranted when the change is self-induced. *Lohstreter v. Lohstreter*, 2001 ND 45, ¶ 13, 623 N.W.2d 350. A district court's decision on whether there has been a material change in financial circumstances warranting modification is a finding of fact and will be reversed on appeal only if it is clearly erroneous. *Rothberg*, at ¶ 6.

[¶ 31] Ralph Werven stated he was removed as an officer and owner of GSR a day after the trial ended, however, at both post-trial hearings, he testified he voluntarily left GSR. He testified he transferred his shares of stock and an interest

in real property to the other owner of GSR and in exchange, the remaining owner of GSR agreed Ralph Werven would not be personally liable for any corporate debt. He also testified an upcoming surgery would limit his ability to pay spousal support.

[¶ 32] At the December 2014 hearing on the post-judgment motions, the district court briefly addressed Ralph Werven's transfer of his interest in GSR:

To be blunt, I, am, to put it mildly, suspicious of this buyout of the corporation. It doesn't pass the smell test. Hard for me to give any credibility to a business arrangement that just happens to coincide with the conclusion of the divorce. I'm not buying the story.

[¶ 33] The district court further addressed the GSR transfer and Ralph Werven's credibility at the May 2015 hearing:

And it would appear at this point in time that Mr. Werven doesn't have the ability to pay then it gets the really essence of this whole issue is, was this inability to pay of Mr. Werven's own making. That's what it boils down to. And it ... boils down to a matter of credibility and I'll look right at you and tell you Mr. Werven, I don't believe you. You know, as I put in my original Opinion in terms ... of the financial testimony that at best his testimony was disingenuous. And the story now about the terminating the relationship with the corporation, last December it was well my partner fired me and then the next version of the story is well we needed more money and we have Mr. Thompson's affidavit that suggests to me that the relationship deteriorated, it wasn't working out, so Ralph agreed to sign over all of his interests. This was a voluntary decision that you made..... I just—I just flat out am not buying your story. There's so much animosity and this is no different

than many cases, so much animosity there, that we have the voluntary relinquishment of an interest in a going concern.

The corporation was certainly heavily in debt, but it had been for a long time and it was functioning. This is another thing we all recall, we never could figure out exactly what the status of the corporation was. We had issues whether inventory was counted or not and I was concerned as to just—I couldn't put a finger on where the assets for this corporation were and how things were reflected on the financial records and I made my living for over thirty years representing businesses and banks and I like to think I had some ability to figure this stuff out and I couldn't in this case.

You're in a real fix right now, sir, but it's nobody's fault but your own.

[¶ 34] The district court found Ralph Werven's inability to pay was self-induced and any testimony or other evidence suggesting otherwise was not credible. Modification of spousal support is not warranted when the change is self-induced. *Lohstreter*, 2001 ND 45, ¶ 13, 623 N.W.2d 350. Under the clearly erroneous standard of review, we do not reassess the credibility of witnesses. *Koble*, 2008 ND 11, ¶ 6, 743 N.W.2d 797. The evidence supports the court's finding that the transfer of GSR stock was voluntary. We conclude the court's findings of fact on Ralph Werven's change in financial circumstances are not clearly erroneous, and the court did not abuse its discretion in denying his motion to alter or amend the judgment requesting the court to reconsider its decision on spousal support.

VI

[¶ 35] Ralph Werven argues the district court erred when it held him in contempt for failing to pay spousal support

and failing to deliver the decal cutter to Laurita Werven.

[¶ 36] Contempt of court under N.D.C.C. § 27–10–01.1(1)(c) is an intentional, willful, and inexcusable disobedience of a court order. *Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378. An inability to comply with an order is a defense to contempt proceedings based on a violation of that order, but the alleged contemnor has the burden to establish the defense and show an inability to comply. *Holkesvig v. Welte*, 2012 ND 14, ¶ 9, 809 N.W.2d 323. "[T]he district court 'has broad discretion in deciding whether to hold a person in contempt.'" *Sall*, at ¶ 7 (quoting *Woodward v. Woodward*, 2009 ND 214, ¶ 6, 776 N.W.2d 567). This Court's review of the district court's decision on contempt is very limited and will not be reversed on appeal absent an abuse of discretion. *Sall*, at ¶ 7.

### A

[¶ 37] The district court found Ralph Werven chose to ignore his spousal support obligation. The court found he transferred all of his corporate stock in GSR for no consideration in an attempt to evade responsibility for the payment of his spousal support obligation. The court found he had funds available to him from a tax refund and a home equity loan, but none of the funds were used to pay spousal support.

[¶ 38] The district court erred in its finding that Ralph Werven transferred his GSR stock for no consideration. He did receive consideration for his stock transfer. Under the buyout agreement, in exchange for Ralph Werven's GSR stock, the other owner of GSR agreed to hold Ralph Werven harmless from any corporate debts of GSR. That finding, however, does not discount the other findings that Ralph Werven's stock transfer was voluntary and his testimony was not credible. There is

evidence supporting the court's findings that Ralph Werven had funds available to pay spousal support but chose to spend them elsewhere. On this record, we conclude the court did not abuse its discretion by holding Ralph Werven in contempt for failing to pay spousal support.

### B

[¶ 39] Ralph Werven was also held in contempt for failing to deliver the decal cutter to Laurita Werven. He argued he was unable to deliver the decal cutter because GSR owns it.

[¶ 40] The evidence at trial and at the December 2014 hearing established GSR as the owner of the decal cutter. We conclude Ralph Werven sufficiently showed he was unable to comply with the divorce judgment and deliver the decal cutter because he did not own it. As we discussed, the district court erred in awarding the decal cutter, rather than its value, to Laurita Werven to the extent the court determined this was necessary to achieve an equitable distribution. The parties have corrected this situation by their stipulation which requires Ralph Werven to pay Laurita Werven $2,500 as the value of the decal cutter. However, Ralph Werven cannot be held in contempt for failing to deliver the decal cutter. We therefore modify the contempt order to state Ralph Werven is not in contempt of court for failing to deliver the decal cutter to Laurita Werven.

### VII

[¶ 41] Ralph Werven argues the district court erred when it denied his motion to stay the divorce judgment pending the resolution of his motion to alter or amend the judgment and motion for new trial.

[¶ 42] The divorce judgment was entered in November 2014, and Ralph Wer-

ven moved for a stay of the judgment in December 2014. Although the order denying his motion was entered in May 2015, the judgment was in effect and required him to pay spousal support beginning December 1, 2014. Simply moving for a stay of the judgment did not relieve him of his obligations under the judgment while his other motion was pending.

[¶ 43] Moreover, after the district court denied Ralph Werven's motion for a stay, he did not seek a stay in this Court under N.D.R.App.P. 8. In *Lund v. Lund*, 2011 ND 53, ¶ 21, 795 N.W.2d 318, we discussed the correlation between N.D.R.Civ.P. 62 and N.D.R.App.P. 8 and held "an application for a stay to this Court rather than an appeal from the denial of a stay by the district court is the proper procedure by which to review the merits of the requested stay." Because, under the procedural posture of the case, we could not grant Ralph Werven any relief other than a conclusion that the stay was erroneously denied, we decline to review this issue. *See Lund*, at ¶¶ 22–24.

## VIII

[¶ 44] Laurita Werven contends Ralph Werven's appeal is frivolous and requests attorney fees under N.D.R.App.P. 38. We conclude the appeal is not frivolous, and we deny her request for attorney fees.

## IX

[¶ 45] We have considered Ralph Werven's remaining arguments and find them to be either without merit or unnecessary to our decision. The divorce judgment, order denying motion to alter or amend the judgment or for a new trial, and order denying the motion to stay are affirmed. The contempt order is affirmed as modified.

[¶ 46] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS and DANIEL J. CROTHERS, JJ., concur.

DALE V. SANDSTROM, J., concurs in the result.