VandeWalle, Chief Justice.
 

 *333
 
 [¶ 1] A&M Structuring, LLC, and Edward Couture, individually and as manager of A&M Structuring, (collectively "defendants"), appealed from a judgment entered in favor of Lynn Flaten and from a post-judgment order denying their motions to amend the judgments and "regarding ownership or interest in levied property." We conclude the district court did not err in granting partial summary judgment or abuse its discretion in denying the post-judgment motions. We affirm.
 

 I
 

 [¶ 2] In September 2012, Flaten sued A&M Structuring, LLC, and Couture, individually and as manager of A&M Structuring, for claims of breach of contract, unjust enrichment, and fraud. Flaten alleged he agreed to sell certain real property located in Williams County ("Williston property") to the defendants for $275,000 in February 2012, the defendants paid $50,000 as a down payment, but failed to pay the remaining amounts due for the property. Flaten also alleged the defendants agreed to sell him certain real property located in McKenzie County ("Dore property"), the Dore property consisted of three individual lots, and the defendants never delivered the property.
 

 [¶ 3] The defendants answered, alleging various affirmative defenses. The defendants also counterclaimed, alleging Flaten owes them for bills they incurred and services they performed on his behalf related to the properties.
 

 [¶ 4] In November 2014, the defendants moved for summary judgment. They argued there were no disputed issues of material fact, Flaten agreed to purchase the Dore property at a discounted price of $75,000 for each lot, but Flaten never closed on the sale of the Dore property. The defendants also alleged the discounted price on the Dore property was negotiated to offset the discounted price they paid for the Williston property. Couture filed an affidavit in support of the defendants' motion, claiming the Dore property was worth $450,000 to $600,000 for all three lots. He also claimed the parties agreed to modify the terms of the sale of the Williston property, the defendants would pay $50,000 cash for the Williston property, the Dore property would be discounted to $75,000 for each lot, and the amount discounted on the Dore property along with the $50,000 cash were equal to the $275,000 price for the Williston property. He alleged Flaten received full consideration and value for the Williston property in the form of the cash and discounts.
 

 [¶ 5] Flaten opposed the motion and also moved for summary judgment. He argued the written terms of the purchase agreements for the Williston and Dore properties govern, the purchase agreement for the Williston property states it was to be a "cash sale" of $275,000 and is silent about any "discounted price," and Couture breached the purchase agreement for the Dore property by failing to deliver the property. Flaten requested the court grant summary judgment in his favor.
 

 [¶ 6] In October 2015, the district court denied the defendants' motion for summary judgment and partially granted Flaten's motion for summary judgment. Although the purchase agreements for the Williston and Dore properties were executed on the same day and are essentially the same except for the switched purchaser and seller, the property descriptions, and
 
 *334
 
 the purchase price, the court concluded the Dore property purchase agreement was ambiguous but the Williston property purchase agreement was not ambiguous. In ruling the purchase agreement for the Williston property was not ambiguous, the court noted that Flaten agreed to sell the property to the defendants for $275,000, the purchase agreement did not reference any other transaction or state the sale was dependent on the Dore property and the defendants paid $50,000. The court held the defendants breached the contract and owe Flaten $225,000. The court concluded there was ambiguity in the Dore purchase agreement regarding the terms for closing on the sale of the Dore property and extrinsic evidence was necessary to determine the closing terms, what was a reasonable time to close, and whether Flaten had the ability and means to close on the property. Any similar ambiguity in the purchase agreement for the Williston property was not at issue because the parties had closed on the sale of that property and a warranty deed had been issued. The court determined there were genuine issues of material fact on the claims related to the Dore property and summary judgment was not appropriate on those claims.
 

 [¶ 7] In April 2017, the defendants moved to dismiss the action under N.D.R.Civ.P. 12 and for the court to grant them relief from the order for partial summary judgment under N.D.R.Civ.P. 60(b)(6). They argued the court did not have subject matter jurisdiction because Flaten was the only named plaintiff, he was not named in the purchase agreements as the purchaser or seller of the properties, and there were genuine issues of material fact about who entered into the purchase agreement for the Williston property and whether the agreement was enforceable. The district court denied the motion.
 

 [¶ 8] A jury trial was held on the remaining issues in April 2017. A special verdict form was used. The jury found the parties had agreed upon terms for the sale of the Dore property that were different from the purchase agreement and the defendants breached the agreed upon terms for the sale of the property. The jury awarded Flaten $10,000 plus interest for the defendants' breach of the Dore property purchase agreement and $4,500 plus interest for work Flaten performed on the Dore property. Neither party has challenged the special verdict form on appeal and, as a result, we do not consider whether or not the questions contained therein were proper for the jury to answer. In May 2017, judgments were entered in favor of Flaten for $289,208.22 for the claims related to the Williston property and $17,303.88 for the claims related to the Dore property.
 

 [¶ 9] In July 2017, the defendants moved for relief from the judgments under N.D.R.Civ.P. 59(j) and 60(b)(1) and (6). The defendants argued Couture should be removed from the judgments and should not be held personally liable because Flaten failed to pierce the corporate veil. Flaten opposed the motion.
 

 [¶ 10] In August 2017, the defendants filed a "Motion Regarding Ownership or Interest in Levied Property," requesting funds be returned that they alleged were removed from bank accounts for business entities who were not parties to the case. They claimed the purchase agreements only listed A&M Structuring 7, LLC as the buyer or seller, A&M Structuring 7 is part of a Nevada series limited liability company, there are 13 total A&M Structuring series limited liability companies, the other A&M Structuring series limited liability companies were not parties to the action, and any funds from their accounts
 
 *335
 
 should be returned. Flaten opposed the motion.
 

 [¶ 11] After a hearing, the district court denied both motions.
 

 II
 

 [¶ 12] The defendants argue the district court erred in granting summary judgment on Flaten's breach of contract claim related to the Williston property. They claim they raised a genuine issue of material fact about the terms of the purchase agreement and the court erred in concluding the purchase agreement was unambiguous.
 

 [¶ 13] In reviewing a district court's decision on a motion for summary judgment, this Court views the evidence in the light most favorable to the party opposing the motion.
 
 Snider v. Dickinson Elks Bldg., LLC
 
 ,
 
 2018 ND 55
 
 , ¶ 9,
 
 907 N.W.2d 397
 
 . "[T]his Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law."
 

 Id.
 

 Whether the court properly granted summary judgment is a question of law, which is reviewed de novo on the entire record.
 

 Id.
 

 [¶ 14] We have explained the well-established rules for interpreting written contracts:
 

 The construction of a written contract to determine its legal effect is a question of law. A contract is to be interpreted to give effect to the mutual intention of the parties at the time of contracting. Under [ N.D.C.C. § 9-07-04 ], the intention of the parties to a written contract is to be ascertained from the writing alone, if possible. If executed documents are unambiguous, parol evidence is not admissible to contradict the terms of the written agreement. If a written contract is ambiguous, extrinsic evidence can be considered to clarify the parties' intent. [W]here the contract is clear and unambiguous there is no reason to go further. Whether or not a contract is ambiguous is a question of law. An ambiguity exists when rational arguments can be made in support of contrary positions as to the meaning of the term, phrase, or clause in question. If the parties' intentions can be ascertained from the writing alone, then the interpretation of the contract is entirely a question of law, and we will independently examine and construe the contract to determine if the district court erred in its interpretation of it. A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates. However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract.
 

 In re Estate of Dionne
 
 ,
 
 2009 ND 172
 
 , ¶ 16,
 
 772 N.W.2d 891
 
 (quoting
 
 Pamida, Inc. v. Meide
 
 ,
 
 526 N.W.2d 487
 
 , 490 (N.D. 1995) (internal quotations omitted) ).
 

 [¶ 15] A contract for the sale of real property is invalid unless it is in writing. N.D.C.C. § 9-06-04. "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." N.D.C.C. § 9-06-07. "When the language of a contract is plain and unambiguous and the parties' intentions can be ascertained from the writing alone, extrinsic evidence is inadmissible to alter, vary, explain, or change the document."
 
 Burk v. State
 
 ,
 
 2017 ND 25
 
 , ¶ 9,
 
 890 N.W.2d 535
 
 ;
 
 see also
 
 N.D.C.C. § 9-07-04. "If the language of [a] contract is clear and unambiguous and the intent is apparent from its face, there is no room for further interpretation,
 
 *336
 
 and extrinsic evidence may not be used to vary or contradict the terms of the agreement or to create an ambiguity."
 
 Limberg v. Sanford Med. Ctr. Fargo
 
 ,
 
 2016 ND 140
 
 , ¶ 17,
 
 881 N.W.2d 658
 
 .
 

 [¶ 16] The purchase agreement for the Williston property states:
 

 PURCHASE AGREEMENT
 

 A&M Structuring 7, LLC, 4590 E. Cincinatti [sic], Las Vegas NV 89104 herinafter [sic] referred to as the purchaser, do herby [sic] agree to purchase, and Flaten Trucking, LLC, PO Box 4311, Williston ND 58801, hereinafter referred to as the seller, do hereby agree to sell the following real property situated in Williams County North Dakota.
 

 Township 156 North, Range 101 West
 

 SE 1/4 of SE 1/4 of SE 1/4 Section 33 containing 10 acres, more or less.
 

 This is for surface interest only, no mineral rights are included.
 

 The seller on this date agreed to sell to purchaser under the following terms and conditions:
 

 1) The selling price for said property shall be $275,000.00.
 

 2) This shall be a cash sale.
 

 3) The seller shall furnish an updated abstract of record title to the purchaser, and the seller will furnish clear title to the property.
 

 4) Title shall be conveyed by warranty deed from seller to purchaser.
 

 5) The property will be surveyed.
 

 Dated this 13th day of February 2012
 

 Seller (print) Lynn Flatten [sic]
 

 Seller (signature) Lynn Flaten
 

 Purchaser (print) A&M Structuring 7, LLC, Manager: Edward Couture
 

 Purchaser (signature) Edward Couture manager
 

 A
 

 [¶ 17] The defendants argue the purchase agreement is ambiguous because there is an issue of material fact about who is the seller of the property. They claim the agreement lists Flaten Trucking, LLC as the seller but Lynn Flaten signed as the seller and Flaten Trucking, LLC does not exist. They contend it is impossible to identify who are the parties to the agreement without considering extrinsic evidence. They claim if the court had considered the extrinsic evidence it would have recognized the possibility that they entered into an agreement with an entity that does not exist and that the agreement may not be enforceable.
 

 [¶ 18] The defendants did not raise this issue before the district court granted partial summary judgment. They raised the issue for the first time in their motion to dismiss and for relief from the summary judgment order. In the district court's order denying the defendants' motion, the court said the defendants had ample opportunity to raise this issue as part of their summary judgment motion and in the seventeen months after the court granted summary judgment in favor of Flaten. The court concluded there was no factual or legal error that would justify granting the relief the defendants were seeking and the court found the proper parties were named in the lawsuit.
 

 [¶ 19] Although the district court did not expressly determine whether the purchase agreement was ambiguous with regard to the identity of the seller, the court found there was no factual or legal error that would justify reversing the decision granting summary judgment on the claims related to the Williston property. The court reached the correct result.
 

 [¶ 20] The purchase agreement states the seller is Flaten Trucking, LLC. However, the agreement also states Lynn Flaten
 
 *337
 
 is the seller and he signed the agreement, but the agreement does not indicate Flaten was acting as an agent for the company or state his relationship to the company. The agreement can be interpreted as Flaten signing in his individual capacity or in a representative capacity as an agent of Flaten Trucking, LLC. The agreement is ambiguous.
 
 See
 

 Cook v. Jacklitch & Sons, Inc.
 
 ,
 
 315 N.W.2d 660
 
 , 664 (N.D. 1982) (holding a contract was ambiguous with regard to whether parties intended the individual signing the contract be individually liable when his signature was not accompanied by any designation he was signing as an agent or on behalf of the corporation);
 
 Davis v. Joerke
 
 ,
 
 47 N.D. 39
 
 ,
 
 181 N.W. 68
 
 , 69-70 (1920) ;
 
 see also
 
 7 William Meade Fletcher
 
 Fletcher Cyclopedia of the Law of Corporations
 
 § 3068, at pp. 249-50 (2013 Rev. Vol.) (stating parol or extrinsic evidence is admissible when a contract on its face purports to be the act of a corporation but is signed by an individual without any addition to the person's name).
 

 [¶ 21] The parties do not dispute that Flaten Trucking, LLC did not exist as an entity. A non-existent business entity cannot have a representative and no one is capable of acting for it.
 
 Davis
 
 ,
 
 181 N.W. at 70
 
 . Generally, a person who contracts as an agent for a nonexistent or fictitious entity is personally liable on the contract.
 
 See
 
 12 Richard A. Lord,
 
 Williston on Contracts
 
 , § 35:39, at p. 527 (4th ed. 2012). It is impossible for a business entity to contract before the entity exists, and therefore the contract is treated as that of the promoter or agent even if the language in the contract is appropriate for a contract by the entity.
 
 See
 
 12 Richard A. Lord,
 
 Williston on Contracts
 
 , § 35:71, at pp. 714-15 (4th ed. 2012).
 

 [¶ 22] In this case, the purchase agreement is an enforceable contract. It is undisputed Flaten Trucking, LLC does not exist and Flaten signed the Williston property purchase agreement. Flaten contracted to sell the property to the defendants. Flaten signed the purchase agreement and subsequent warranty deed conveying the property to the defendants. It is uncontested the property was conveyed to the defendants. The contract is enforceable against the defendants. Flaten sued the defendants in his individual capacity for breach of contract and no business entities were named as plaintiffs. We conclude the district court did not err by failing to find the identity of the seller was a genuine issue of material fact precluding summary judgment.
 

 B
 

 [¶ 23] The defendants also argue summary judgment was not appropriate because they raised genuine issues of material fact regarding the terms of the Williston property agreement. They contend the parties agreed the defendants would pay $50,000 toward the purchase price of the Williston property and the remaining $225,000 would be paid by the discounted purchase price for the Dore property. They claim the purchase price in the agreement is ambiguous and extrinsic evidence was necessary to explain how the parties intended the defendants would pay the $275,000 purchase price.
 

 [¶ 24] The plain language of the purchase agreement states the price of the property is $275,000 and the sale would be a cash sale. "When a contract's language is plain and unambiguous and the parties' intentions can be ascertained from the writing alone, extrinsic evidence is not admissible to alter, vary, explain, or change the contract."
 
 Hallin v. Inland Oil & Gas Corp.
 
 ,
 
 2017 ND 254
 
 , ¶ 9,
 
 903 N.W.2d 61
 
 . The plain language of the purchase agreement states the sale would be a cash sale.
 

 *338
 
 The terms of the purchase agreement are unambiguous, and extrinsic evidence was not admissible to alter or change the terms of the contract. The district court did not err by failing to consider extrinsic evidence.
 

 [¶ 25] Undisputed evidence established the defendants paid $50,000 toward the purchase price of the property and did not pay the remaining $225,000 of the purchase price. We conclude the district court did not err in granting summary judgment on Flaten's claims related to the Williston property.
 

 III
 

 [¶ 26] The defendants argue the district court abused its discretion by denying their post-trial motion to amend or alter the judgments and for relief from the judgments under N.D.R.Civ.P. 59(j) and 60(b).
 

 [¶ 27] A district court's decision on a motion to alter or amend a judgment under N.D.R.Civ.P. 59(j) or on a motion for relief from judgment under N.D.R.Civ.P. 60(b) will not be reversed on appeal unless the court abused its discretion.
 
 Werven v. Werven
 
 ,
 
 2016 ND 60
 
 , ¶ 24,
 
 877 N.W.2d 9
 
 . A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.
 

 Id.
 

 [¶ 28] A motion under N.D.R.Civ.P. 59(j) may be used to ask the court to reconsider its judgment and correct errors of law.
 
 Tuhy v. Tuhy
 
 ,
 
 2018 ND 53
 
 , ¶ 20,
 
 907 N.W.2d 351
 
 . "Unlike a N.D.R.Civ.P. 59(b) motion for a new trial, a N.D.R.Civ.P. 59(j) motion to alter or amend a judgment does not usually request a reexamination of issues of fact."
 
 Van Sickle v. Hallmark & Assocs., Inc.
 
 ,
 
 2013 ND 218
 
 , ¶ 17,
 
 840 N.W.2d 92
 
 (quoting
 
 In re N.C.C.
 
 ,
 
 2000 ND 129
 
 , ¶ 12,
 
 612 N.W.2d 561
 
 ). "The district court may decline to consider an issue or argument raised for the first time on a motion for reconsideration [under N.D.R.Civ.P. 59(j) ] if it could have been raised in earlier proceedings."
 
 Motschman v. Bridgepoint Mineral Acquisition Fund, LLC
 
 ,
 
 2011 ND 46
 
 , ¶ 10,
 
 795 N.W.2d 327
 
 .
 

 [¶ 29] Rule 60(b)(1), N.D.R.Civ.P., may be used to relieve a party from a judgment for mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(6), N.D.R.Civ.P., is the "catchall provision" that allows a court to grant relief for "any other reason that justifies relief" and should be invoked only when extraordinary circumstances are present.
 
 Kautzman v. Doll
 
 ,
 
 2018 ND 23
 
 , ¶ 14,
 
 905 N.W.2d 744
 
 . Rule 60(b), N.D.R.Civ.P., is not to be used as a substitute for an appeal or to relieve parties from calculated and deliberate choices they have made, and parties are obligated to take legal steps to protect their own interests.
 
 Kautzman,
 
 at ¶ 14 ;
 
 State v. White
 
 ,
 
 2018 ND 58
 
 , ¶ 14,
 
 907 N.W.2d 765
 
 . The moving party has the burden to establish sufficient grounds for disturbing the finality of the judgment.
 
 Kukla v. Kukla
 
 ,
 
 2013 ND 192
 
 , ¶ 24,
 
 838 N.W.2d 434
 
 .
 

 [¶ 30] The defendants argued the judgments should be amended or altered under N.D.R.Civ.P. 59(j) to remove Couture because he signed the purchase agreements as manager or agent for A&M Structuring 7, A&M Structuring 7 was a party to the contracts in dispute, and Flaten failed to present any evidence before the order granting summary judgment or during the jury trial to support piercing the corporate veil. They further argued if the court found their motion under N.D.R.Civ.P. 59(j) was untimely, the court
 
 *339
 
 could treat the motion as a motion for relief from the judgments under N.D.R.Civ.P. 60(b). They claimed they were entitled to relief under N.D.R.Civ.P. 60(b)(1) because it was a mistake for both judgments to be entered against Couture when there was no evidence offered or a finding made to pierce the corporate veil. They also claimed removal of Couture was justified under N.D.R.Civ.P. 60(b)(6) to promote substantial justice.
 

 [¶ 31] In its October 2017 order, the district court denied all pending motions, which included the defendants' motion to amend or alter the judgments and for relief from the judgments. The court explained:
 

 Defendants failed to raise the issue or assert the defense of improper party at every level of the proceedings, including at summary judgment and during a jury trial. Defendants were cognizant of the facts of the case and made a motion, which ultimately was denied, concerning whether the Plaintiff was the proper party. However, Defendants never raised the issue of Edward Couture or A&M Structuring, LLC being parties to this action at any point in the case, including during the multitude of opportunities to establish a factual record. ... The law governing rule 60(b) motions is clear that a defeated litigant cannot set aside a judgment because of failure to interpose a defense that could have been presented or might have been pleaded in defense of action or at trial.
 

 It is not a mistake for Edward Couture or A&M Structuring LLC to be subject to the judgments, as they have each been a named defendant in every single pleading in this matter and both responded to all pleadings in this matter without ever raising the defense of "improper party". Both Edward Couture and A&M Structuring LLC also fully participated in the jury trial. [A] Rule 60(b) motion is not to be used to relieve a party from free, calculated, and deliberate choices, and [a] party remains under a duty to take legal steps to protect his own interests.
 

 No sufficiently extraordinary circumstances exist to justify vacating or amending the judgment pursuant to Rule 60(b)(6), N.D.R.Civ.P. Defendants, through two sets of defense counsel, have had almost five years to assert these defenses and failed to do so. Defendants also sought relief from the Court's partial summary judgment ruling under N.D.R.Civ.P. 60(b)(6) and failed to raise these issues then. Defendants also did not raise any of these during the trial or to the jury, including during jury instruction argument and during the creation of a special verdict form. The Defendants were listed as they are in the caption and the Defendants made no distinction about individual or entity liability.
 

 (Citations and quotations omitted).
 

 [¶ 32] The defendants argue the district court abused its discretion because the court never addressed their motion under N.D.R.Civ.P. 59(j) and without the court's reasoning for its decision the decision was arbitrary and unreasonable. Although the district court did not specifically address the defendants' N.D.R.Civ.P. 59(j) motion, the defendants' arguments for their motions under N.D.R.Civ.P. 59(j) and 60(b) were the same and the court addressed the arguments. The court's reasons for denying the motion apply to the defendants' motion under both N.D.R.Civ.P. 59(j) and 60(b).
 

 [¶ 33] The jury was instructed the word "Defendant" referred to both defendants and if the instructions only referred to one of the defendants that party would be designated by name. A special
 
 *340
 
 verdict form was used and required the jury to find whether "Defendants breach[ed] the agreed upon terms for the sale of the Dore properties[.]" The defendants did not object to the verdict form or raise any issues related to the instructions on appeal. Unopposed jury instructions become the law of the case.
 
 See
 

 Cont'l Res., Inc. v. P&P Indus., LLC I
 
 ,
 
 2018 ND 11
 
 , ¶ 16,
 
 906 N.W.2d 105
 
 . The jury expressly found Couture was individually liable. A motion to amend a judgment under N.D.R.Civ.P. 59(j) may not be used to relitigate factual questions.
 
 Werven v. Werven
 
 ,
 
 2016 ND 60
 
 , ¶ 24,
 
 877 N.W.2d 9
 
 .
 

 [¶ 34] Moreover, the district court denied the motion because the defendants failed to raise the issues about Couture's liability until after the judgments were entered despite having many opportunities to do so. Couture was named as a plaintiff both individually and as manager of A&M Structuring in the complaint. The defendants did not allege Couture was not a proper party and could not be held individually liable for the claims until after the judgments were entered. A motion to alter or amend the judgment under N.D.R.Civ.P. 59(j) allows the court to correct errors of law, but the court may decline to consider an issue or argument raised for the first time if it could have been raised in earlier proceedings.
 
 Motschman
 
 ,
 
 2011 ND 46
 
 , ¶ 10,
 
 795 N.W.2d 327
 
 ;
 
 see also
 

 F.D.I.C. v. World Univ. Inc.
 
 ,
 
 978 F.2d 10
 
 , 16 (1st Cir. 1992) (stating these motions under the corresponding federal rule are for reconsideration and not initial consideration, and parties should not use them to raise arguments which could have been made before judgment issued). Similarly, N.D.R.Civ.P. 60(b)(6), is not to be used as a substitute for an appeal or to relieve a party from calculated and deliberate choices he has made.
 
 Kautzman,
 

 2018 ND 23
 
 , ¶ 14,
 
 905 N.W.2d 744
 
 . The court found the defendants had multiple opportunities to raise any issue regarding Couture's involvement as a party to the lawsuit, including when they filed an answer and counterclaim, moved to dismiss and for relief from the order for partial summary judgment, submitted proposed jury instructions, and had the opportunity to object to the special verdict form. The court found the defendants failed to raise the issue or assert the defense of improper party at every level of the proceedings when they were cognizant of the facts of the case. The court noted the defendants had almost five years to assert this defense and failed to do so. The court said a defeated litigant cannot set aside a judgment under N.D.R.Civ.P. 60(b) because of failure to interpose a defense that could have been presented. The court concluded it was not a mistake for Couture to be subject to the judgments and extraordinary circumstances did not exist to justify amending the judgments.
 

 [¶ 35] The district court's decision was the product of a rational mental process leading to a reasoned determination. We conclude the court did not abuse its discretion.
 

 IV
 

 [¶ 36] The defendants argue the district court abused its discretion by denying their motion regarding ownership or interest in levied property.
 

 [¶ 37] The defendants filed a post-judgment motion entitled "Motion Regarding Ownership or Interest in Levied Property." They argued A&M Structuring 7 is part of a Nevada series LLC, other A&M Structuring LLCs exist as part of the series and are numbered A&M Structuring 1-13. They claimed under Nevada law each series LLC is considered a separate LLC from the other LLCs in the series, A&M Structuring 7 was the only LLC in the
 
 *341
 
 series that was a party to the purchase agreements in this case, and therefore only property from A&M Structuring 7 can be levied to satisfy the judgments. They argued any property levied from the other A&M Structuring series LLCs should be returned.
 

 [¶ 38] The district court denied the defendants' motion in its order also denying the defendants' motion to alter or amend the judgments and for relief from the judgments. The court applied N.D.R.Civ.P. 60(b) analysis in denying the motion. The court concluded the defendants never raised an issue about A&M Structuring, LLC being a party to the action at any point in the case, A&M Structuring was listed as a defendant from the beginning and the defendants never made a distinction about entity liability, and it was not a mistake for A&M Structuring to be subject to the judgments because it was named a defendant in every single pleading and it participated in the jury trial. The court further concluded North Dakota law does not recognize "series LLCs," A&M Structuring, LLC was the only entity registered to do business in North Dakota, and the defendants did not raise an issue about A&M Structuring 7 until after judgments had been entered.
 

 [¶ 39] Although the defendants did not file their motion as a N.D.R.Civ.P. 60(b) motion, the district court could treat the defendants' motion as a motion for relief from the judgment.
 
 See
 

 K.L.B. v. S.B.
 
 ,
 
 2003 ND 88
 
 , ¶ 9,
 
 662 N.W.2d 277
 
 (holding letter from a party could be treated as a motion for relief from judgment under N.D.R.Civ.P. 60(b) );
 
 Dvorak v. Dvorak
 
 ,
 
 2001 ND 178
 
 , ¶ 9,
 
 635 N.W.2d 135
 
 (holding motion asking court to vacate a domestic violence protection order would be treated as a motion for relief from judgment or order under N.D.R.Civ.P. 60(b) ). The defendants' motion argued only A&M Structuring 7 was liable for the judgments and any funds levied from other A&M Structuring LLCs must be returned. The judgments were entered against A&M Structuring, LLC and the court interpreted the defendants' motion as a request for relief from the judgments against A&M Structuring, LLC and to order that A&M Structuring 7 was the only LLC that was liable. We will therefore review the court's decision on the defendants' motion under N.D.R.Civ.P. 60(b) standards. A court's decision under N.D.R.Civ.P. 60(b) will not be reversed on appeal unless the court abused its discretion.
 
 Werven
 
 ,
 
 2016 ND 60
 
 , ¶ 24,
 
 877 N.W.2d 9
 
 .
 

 [¶ 40] The district court did not abuse its discretion by denying the defendants' motion regarding ownership of levied property. A&M Structuring, LLC is registered as a limited liability company in Nevada and is the parent entity of the separate series LLCs, including A&M Structuring 7.
 
 See
 

 Nev. Rev. Stat. §§ 86.1255
 
 (defining "series") and 86.296 (authorizing a limited liability company to create a series limited liability company). A&M Structuring, LLC is registered in North Dakota as a foreign limited liability company and none of the individual series LLCs, including A&M Structuring 7, are individually registered in this state. Flaten sued A&M Structuring, LLC and did not name A&M Structuring 7 as a defendant. A&M Structuring, LLC was named as a defendant in every pleading, and the defendants did not move to join A&M Structuring 7 as a defendant. The defendants did not raise an issue about A&M Structuring, LLC being named a party or argue that A&M Structuring 7 was a separate entity and the only party to the purchase agreements and that it was the only party that could be held liable until after the judgments were entered. The judgments were entered against A&M Structuring, LLC and the sheriff levied on its bank accounts. The
 
 *342
 
 district court's decision was not arbitrary or unreasonable, and we conclude the court did not abuse its discretion.
 

 [¶ 41] The defendants also claim A&M Structuring 7's separate entity status as a series LLC under Nevada law must be recognized by North Dakota courts pursuant to the Full Faith and Credit Clause of the United States Constitution. Because the judgments were entered against A&M Structuring, LLC and not A&M Structuring 7, it is unnecessary for us to address the defendants' arguments about the Full Faith and Credit Clause.
 

 V
 

 [¶ 42] We affirm the judgment and post-judgment order.
 

 [¶ 43] Gerald W. VandeWalle, C.J.
 

 Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte
 

 Jensen, Justice, concurring specially.
 

 [¶ 44] The majority opinion is very well written, and I have joined in the majority opinion to affirm the district court's granting of a partial summary judgment in favor of Flaten on the Williston contract and denial of the defendants' post-judgment motions. I write separately to note my concern regarding the continued misapplication of North Dakota contract law and inconsistencies within the jury instructions; issues the majority opinion correctly notes were not raised on appeal. Under North Dakota law, the jury should not have been requested to determine whether the Dore contract was ambiguous, should not have been allowed to create contract terms "different" from terms intended by the parties, and should not have been allowed to consider an award of exemplary damages.
 

 [¶ 45] The district court denied both parties' requests for summary judgment on the Dore purchase agreement after determining there was ambiguity with regard to several of the terms. The district court correctly noted that whether or not a contract is ambiguous is a question of law to be resolved by the district court.
 
 Moen v. Meidinger
 
 ,
 
 547 N.W.2d 544
 
 , 547 (N.D. 1996). "A determination of ambiguity is but the starting point in the search for the parties' ambiguously expressed intentions," since an ambiguity creates "questions of fact to be determined with the aid of extrinsic evidence."
 
 Bohn v. Johnson
 
 ,
 
 371 N.W.2d 781
 
 , 788 (N.D. 1985). When the terms of a contract are ambiguous, "extrinsic evidence of the parties' intent may be considered and the terms of the contract and the parties' intent become questions of fact."
 
 Wachter Dev., L.L.C. v. Gomke
 
 ,
 
 544 N.W.2d 127
 
 , 131 (N.D. 1996). "[T]he resolution of an ambiguity with extrinsic evidence requires the trier of fact to make a finding of fact."
 
 Moen
 
 ,
 
 547 N.W.2d at 547
 
 .
 

 [¶ 46] Although the district court determined the Dore agreement was ambiguous as a matter of law in the summary judgment proceedings, the subsequent instructions and special verdict form requested by the parties appear to have required the jury to make a further determination of whether the Dore agreement was ambiguous. The first question in the special verdict form read as follows:
 

 1. Does the Purchase Agreement/contract for the sale of the Dore properties memorialize and contain the true intentions and full agreements and understandings of Plaintiff and Defendant for the sale and purchase of the real property?
 

 *343
 
 The parties' request to have the jury determine if the Dore agreement "memorialize[d] and contain[ed] the true intentions and full agreements and understandings" of the parties is effectively a request for the jury to redetermine the question of law of whether or not the agreement was ambiguous. That requested instruction was a misapplication of the law.
 

 [¶ 47] The following was the fourth question in the special verdict form:
 

 4. Did Plaintiff and Defendants have agreed upon terms for the sale of the Dore properties that were different than the Purchase Agreement?
 

 The use of the term "different" implies that the jury may alter, eliminate, or otherwise change terms of a written agreement. That requested instruction was a misapplication of the law. While a jury can be asked to resolve ambiguity in an agreement as a question of fact, it is a misapplication of the law and a violation of the statute of frauds to allow the jury to find the parties had terms that were "different" than those expressed in the agreement.
 

 [¶ 48] Question number four on the special verdict form could have been requesting that the jury determine if the Dore purchase agreement had been modified. The jury instructions included an instruction on modification of a contract. However, none of the pleadings assert a post-execution modification of the agreement occurred, and the use of the term "different" without directly asking if the existing agreement had been modified seems odd.
 

 [¶ 49] To further complicate interpretation of the special verdict form, the jury was asked twice whether or not the defendants had breached the Dore agreement. The jury answered the question inconsistently. In response to whether or not the Dore agreement had been breached after finding the agreement "memorialize[d] and contain[ed] the true intentions and full agreements and understandings," the jury found the agreement had not been breached. In response to whether or not the defendants breached the agreement following their finding the parties had "agreed upon terms for the sale of the Dore properties that were different than the Purchase Agreement," the jury found the agreement had been breached. These inconsistent determinations are particularly troubling in light of the jury's finding the agreement "memorialize[d] and contain[ed] the true intentions and full agreements and understandings" of the parties, but were subsequently allowed to find the parties had "agreed upon terms for the sale of the Dore properties that were different than the Purchase Agreement." The special verdict form discloses the jury concluded the defendants breached terms that were different than those expressed in a written agreement the jury had already determined "memorialize[d] and contain[ed] the true intentions and full agreements and understandings" of the parties. These findings clearly violate the statute of frauds prohibition against allowing extrinsic evidence to vary the unambiguous terms of a written agreement.
 

 [¶ 50] In my special concurrence in
 
 Cont'l Res., Inc. v. P&P Indus., LLC I
 
 ,
 
 2018 ND 11
 
 ,
 
 906 N.W.2d 105
 
 , I outlined my concern that there has been growing misapplication of the contract dependent claim of fraud and the tort claim of deceit. A review of the jury instructions and special verdict form in this case discloses some of the same errors noted in my separate opinion in
 
 Continental Resources, Inc
 
 .
 

 [¶ 51] The jury instructions included a misapplication of North Dakota law through the inclusion of a jury instruction on punitive damages and a special verdict question that would have potentially allowed the jury to impose punitive or exemplary damages. This case is a dispute
 
 *344
 
 regarding the performance required of parties to several contracts. North Dakota law expressly excludes exemplary damages from recovery in contract actions. N.D.C.C. § 32-03.2-11. The reference to "fraud" found within N.D.C.C. § 32-03.2-11(1) to support an award of exemplary damages is not a reference to the fraud defined in N.D.C.C. ch. 09-03 relating to rescission of a contract. Instructing the jury on punitive damages in this contract action was a misapplication of North Dakota law.
 

 [¶ 52] I join in the majority opinion because the opinion is well written and because the parties to this cause of action did not request a review of the jury instructions or special verdict form provided to the jury. I have written separately to prevent this case from being used as a model for future cases and further erosion of North Dakota contract law.
 

 [¶ 53] Jon J. Jensen
 

 Daniel J. Crothers