# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2020 ND 87

State of North Dakota,                                                    Plaintiff and Appellant

v.

Matthew J. Dahl,                                                                                  Defendant

### No. 20190292

Appeal from the District Court of Pembina County, Northeast Judicial District, the Honorable Barbara L. Whelan, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

Rebecca L. Flanders, State's Attorney, Cavalier, N.D., for plaintiff and appellant; submitted on brief.

Matthew J. Dahl, defendant; no appearance.

**Tufte, Justice.**

[¶1]   The State of North Dakota appeals from a district court order denying its motion to resume prosecution against Matthew Dahl and dismissing the case. We reverse, concluding the district court erred in determining the State's motion was untimely, and we remand for further proceedings.

I

[¶2]   In December 2014, the State charged Dahl with two counts of theft. Dahl did not appear on the charges until he was arrested on a bench warrant in February 2017. In mid-April 2017, the State mailed Dahl a pretrial diversion agreement. Dahl signed and returned the notarized agreement dated May 3, 2017. On May 9, 2017, the state's attorney signed and filed the agreement with the district court, and the court approved the agreement the same day.

[¶3]   Under the pretrial diversion agreement, the State agreed to suspend prosecution for "two years from the date of execution" conditioned on Dahl's timely payment of restitution. Dahl failed to make minimum monthly restitution payments. On June 6, 2019, the State moved to resume prosecution, alleging Dahl violated the pretrial diversion agreement by his non-payment.

[¶4]   The district court held a hearing on the State's motion in August 2019. The court concluded the pretrial agreement was executed when Dahl signed it on May 3, 2017. The court then denied the State's motion to resume prosecution as untimely under N.D.R.Crim.P. 32.2(d)(2), and dismissed the complaint against Dahl. The State appeals.

II

[¶5]   Under N.D.C.C. § 29-28-07(1), the State may appeal from "[a]n order quashing an information or indictment or any count thereof." We have held that an order dismissing a criminal complaint, information, or indictment is equivalent to an order quashing an information or indictment and is therefore appealable under N.D.C.C. § 29-28-07(1). *State v. Turbeville*, 2017 ND 139,

¶ 5, 895 N.W.2d 758. The district court order at issue denied the State's motion to resume prosecution and dismissed the criminal complaint against Dahl. Because the district court order had an effect equivalent to quashing an information or indictment, the order is appealable under N.D.C.C. § 29-28-07(1).

## III

[¶6] The State argues the district court erred in determining the motion to resume prosecution was untimely. Pretrial diversion agreements are similar to plea agreements. We interpret plea agreements according to general contract principles. *Parshall v. State*, 2018 ND 69, ¶ 7, 908 N.W.2d 434. The interpretation of a contract is a question of law. *Flaten v. Couture*, 2018 ND 136, ¶ 14, 912 N.W.2d 330. On appeal, we independently examine and construe the contract to determine whether the district court erred in its interpretation. *Id.*

[¶7] On the State's motion, a district court may terminate a pretrial diversion agreement if the court finds the defendant has violated the agreement. N.D.R.Crim.P. 32.2(d)(2). The motion to terminate the agreement and resume prosecution must be made within one month after expiration of the period of suspension specified in the agreement. *Id.*

[¶8] Dahl's pretrial diversion agreement specified prosecution would be suspended for a period of two years "from the date of execution of this agreement." Dahl signed and dated the agreement on May 3, 2017. The State signed and dated the agreement on May 9, 2017. The district court concluded the agreement was executed on May 3, 2017, when it was signed by Dahl. As a result, the State's June 6, 2019 motion was untimely under N.D.R.Crim.P. 32.2(d)(2) because it was made more than one month after expiration of the term of suspension.

[¶9] "A contract requires an offer, an acceptance of an offer, and a mutual acceptance and understanding between the offeror and the offeree as to the terms of the obligation." *Cooke v. Blood Sys., Inc.*, 320 N.W.2d 124, 128 (N.D. 1982). In addition, a pretrial diversion "agreement must be in writing and

signed by the parties." N.D.R.Crim.P. 32.2(a)(1). "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." N.D.C.C. § 9-06-07. An agreement that is required to be in writing is enforceable only against a party who has signed the agreement. N.D.C.C. § 9-06-04. The record indicates the State mailed an unsigned copy of the diversion agreement to Dahl. Dahl signed and returned the agreement on May 3, 2017. The state's attorney signed the agreement on May 9, 2017. Under ordinary contract law and Rule 32.2, the "date of execution of this agreement" means the date that both parties have signed the written agreement.

[¶10] On this record, we conclude the pretrial diversion agreement was not fully executed and enforceable against the State until May 9, 2017, when the state's attorney signed the agreement. Because the agreement was formed on May 9, 2017, the two-year period of suspension specified in the agreement ended May 9, 2019. The State's June 6, 2019 motion was made within one month after May 9, 2019, as permitted by N.D.R.Crim.P. 32.2(d)(2). Therefore, the district court erred in concluding the State's motion was untimely.

IV

[¶11]  We reverse the district court order denying the State's motion to resume prosecution and remand for further proceedings.

[¶12] Jerod E. Tufte
     Lisa Fair McEvers
     Gerald W. VandeWalle
     Jon J. Jensen, C.J.
     Daniel J. Crothers

3